FRED MUSCHLER, Also Known as FRITZ MUSCHLER, Plaintiff, *v.* GENERAL METALSMITHS, INC., and Another, Defendants.

Supreme Court, Kings County, February 18, 1925.

**Depositions — action in Kings county — notice by plaintiff of examination of defendant at Jamestown, N. Y.— notice by defendant to examine witnesses there — defendant has right to examine witnesses under Civil Practice Act, § 288, on ground that they reside more than 100 miles from place of trial — no reason shown for vacating defendant's notice — judicial notice taken of distance between Brooklyn and Jamestown — defendant should pay plaintiff enough to cover expense for additional time counsel is required to remain in Jamestown.**

In an action brought in Kings county against the defendant, whose principal place of business is Jamestown, N. Y., in which the plaintiff has moved to examine the defendant through certain of its officers at Jamestown, the defendant has the right, under section 288 of the Civil Practice Act, to examine witnesses there on the ground that they reside more than one hundred miles from the place of trial. The plaintiff has shown no good reason why the notice of examination by the defendant should be vacated.

The court has the right to take judicial notice of the fact that Jamestown, N. Y., is more than one hundred miles from Brooklyn, N. Y.

Since plaintiff's counsel will be at Jamestown to examine under his own notice, the defendant should pay to plaintiff enough money to cover the expense for any additional time that plaintiff's counsel may be required to spend in Jamestown upon examination under defendant's notice.

MOTION by plaintiff to vacate notice by defendants of the taking of depositions of witnesses more than 100 miles from place of trial.

*George B. Hayes,* for the plaintiff.

*Wood, Molloy & France,* for the defendant General Metalsmiths, Inc.

HAGARTY, J.:

Heretofore the defendant General Metalsmiths, Inc., moved to change the place of trial to Chautauqua county to suit the convenience of witnesses, which motion was denied. Thereafter the plaintiff moved to examine the said defendant by certain of its officers at Jamestown in that county. Said defendant then served notice of the taking of the depositions, not only of these officers, but of several other employees and two experts at Jamestown, and the plaintiff now moves to vacate the notice. The provision of section 288 of the Civil Practice Act, as amended by chapter 926 of the Laws of 1920, whereby the testimony of witnesses who reside at a greater distance from the place of trial than 100 miles may be taken by deposition, should be liberally construed. Plaintiff seeks a narrow construction, on the theory that it deprives him of the personal presence of the witnesses before the jury. The provision for taking the testimony of witnesses residing more than 100 miles distant has long obtained in the Federal courts, and, except as to matters of practice, the rule has not been strictly construed. (2 Foster's Fed. Prac..[6th ed.] § 354.) Under rule 124 of the Rules of Civil Practice the court may vacate the notice if " for any reason * * * the interests of justice would not be subserved by " the examination. I think no good reason appears in the moving papers. The court is justified in taking judicial notice of the fact that Jamestown, N. Y., is more than 100 miles away. (2 Foster's Fed. Prac. [6th ed.] § 354.) The notary before whom the testimony is to be taken •will be named by the court. Since the plaintiff's counsel will be at Jamestown to examine under his own notice, the said defendant should pay to the plaintiff a sum sufficient to cover the expenses for any additional time that counsel may be required to spend in Jamestown. Motion denied. Settle order on notice.