Fred J. Munder, J.
This is a motion for an order for the examination before trial of a witness pursuant to CPLR 3101 (subd. [a], par. [3]) that the witness resides more than 100 miles from the place of trial, and under paragraph (4) thereof, that special circumstances exist that warrant such examination. The action is to be tried in Suffolk County at Riverhead and the witness sought to be examined is one Garson Reiner, who resides at Irvington-on-the-Hudson in Westchester County.
The motion is opposed on the ground that according to the Automobile Club of New York, Inc., by its recommended route (without saying what that is), Irvington is approximately 82 miles from Riverhead. This court, however, will take judicial notice that by public transportation the distance between those points exceeds 100 miles. Giving CPLR 3101 the liberal interpretation that must be accorded it (Muschler v. General Metal-smiths, 125 Misc. 643; Kusmak v. Atlantic Cement Co., 20 A D 2d 845), it seems more reasonable to measure the distance by the public transportation route than by air mileage or the shortest automobile route.
Apart from that, however, and again liberally construing the section, I find that special circumstances do exist that warrant the pretrial examination of the witness. This action is *68 one to set aside an allegedly fraudulent transfer of real property by the defendant. On the defendant’s examination before trial he testified that at the time of such transfer he was the owner of 18,000 shares of Exquisite Form Industries, Inc. The plaintiff represents that he has learned that any stock the defendant held in the Exquisite Form Industries, Inc., was subject to a security interest of the witness, Reiner, who is the president of that corporation.
In view of the nature of the instant action and the fact that the plaintiff must therein establish that the defendant, at the time of the alleged fraudulent transfer, was insolvent, the examination of the witness is warranted and justifiable. As the court in the Kusmak case (supra) said: “ the function of pretrial examination * * * today ,* * * is concerned
more acutely with the preparation of the case than with the preservation of testimony”. The defendant’s offer to supply the information plaintiff seeks on a further examination of him hardly suffices, but in any event does not preclude plaintiff’s right to pursue the course he has chosen. The motion is granted.