Harry G. Herman, S.
This is an application to punish Berardino Mastromonaco for contempt for his refusal to answer certain questions propounded to him on his examination before trial (CPLR 2308, subd. [a]), or, in the alternative, to compel him to answer said questions (CPLR 3124).
This motion is brought by the examining party herein, who is the surviving widower of the testatrix; he had filed objections to the account of the executrix, a sister of the testatrix, on the ground that it failed to include as assets of the estate certain shares of stock alleged to have been owned by the testatrix in the Bronx Casket Manufacturing Co., Inc., and Bronx Chapel, Inc. All the testatrix’ interests in these two corporations, including her stocks, were bequeathed by her to her two children in article ‘1 third ’ ’ of her will, drawn by Mastromonaco, her brother, who is also the brother of the executrix and the brother-in-law of the movant. The executrix contends that such shares were properly omitted from the account since they were not owned by the testatrix at the time of her death, but were the subject of an inter vivos gift to the said children. If no gift was made and such shares are held to be assets of this estate, the movant may have a one-third interest in said shares by reason of his notice of election to take an intestate share against the provisions of the will (Decedent Estate Law, § 18).
Mastromonaco, whose testimony is sought, was not only the scrivener of the will, but also is the president of the Bronx Casket Manufacturing Co., Inc., which holds all the stock of Bronx Chapel, Inc., and in addition formerly was attorney for the executrix herein. Subpoenas duces tecum and the statutory fees were served on the corporations and a subpoena and a notice of examination before trial, all returnable May 3, 1965, were served upon him.
At the adjourned date of the examination, respondent Mastromonaco refused to answer certain questions and to produce certain books of the corporations, stating that he would not do so until the very issue for which he was being examined— whether the testatrix had made a valid gift or gifts inter vivos or whether she owned the securities at her death — had been determined by the court. His position now is that he is not a party, but a witness; that CPLR 3124 has no application and that he cannot be compelled to answer these questions, in the absence of any motion having been brought under CPLR 3101 (subd. [a], par. [4]) for his examination as a witness; that no adequate special circumstances have been demonstrated to warrant his examination; that he had reasonable cause for refusing to answer the questions propounded to him (CPLR 2308, *171 subd. [a]) since they were irrelevant to the issues before the court and involved the internal management of the corporations; and that he need not answer since it has not been demonstrated that the information sought is solely and exclusively within Ms possession, and there has been no particularization of any exclusive knowledge sought.
The questions which respondent Mastromonaco refused to answer, and to which the present attorneys for the executrix objected at the examination, directly relate to the filed objections and were designed to elicit information as to whether or not the alleged gift or gifts were made, and, if so, when; whether they were made before or after the will was drawn; whether these alleged transfers were recorded on the books of the corporations ; and whether the alleged gift, if made, was illusory and can be set aside. The corporate books were further sought to establish whether the testatrix was still considered a shareholder, attended corporate meetings, and received dividends after the date or dates of the alleged transfers.
These questions are material and necessary, within the meaning of CPLR 3101 (subd. [a]), as to the determination of the validity of the alleged inter vivos gift or gifts, and thus respondent Mastromonaco’s refusal to answer was without reasonable cause.
Although the motion to compel was brought under CPLR 3124, the court will disregard form and will treat the motion as one under CPLR 3101 (subd. [a], par. [4]) to require testimony of a nonparty. In this particular case, where the witness is hostile, is the brother-in-law of the examining party, is the president of a family corporation, the ownership of the stock of which is the issue before the court, is the one who drew the will containing a specific bequest of such stock at a time when it may be claimed the testatrix had already divested herself of ownership of said stock, and is the former attorney for the executrix and is in a position to know the relevant facts, adequate special circumstances have been more than amply demonstrated to require Berardino Mastromonaco’s examination before trial (Manufacturers Trust Co. v. American Nat. Fire Ins. Co., 232 App. Div. 536; Matter of Montgomery, 153 Misc. 419, affd. 243 App. Div. 629; Matter of Hochster, 165 Misc. 342; cf. Matter of Salomon, 84 N. Y. S. 2d 679, affd. 275 App. Div. 802; see, also, Kuzmak v. Atlantic Cement Co., 20 A D 2d 845; Williams v. Sterling Estates, 41 Misc 2d 692; De Groote v. Weglein, 45 Misc 2d 67).
Moreover, there is no need for the court to decide whether the information sought is exclusively within the possession of the *172 , respondent. It has been stated that: “ The fact that the infor.mation sought is available from a source other than deponent is not alone reason for denying the examination.” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac. [1963], par. 3101.09.)
That is also the view expressed in Carmody-Forkosch, New York Practice (1963) (§ 626, p. 571) and it is supported by .well-settled decisional authority (e.g., Goldmark v. United States Electro-Galvanizing Co., 111 App. Div. 526).
Under the authority of CPLR 3101 (subd. [a], par. [4]) and CPLR 3124 the motion to compel disclosure is granted. Berardino Mastromonaco is directed to appear for-further examination .at a time and place to be designated in the order hereon, as to all relevant matters in issue; and to produce for use upon such .examination the books, records, and other papers specified in the..subpoena duces tecum, relevant to the issues herein, which may be in his possession or control; and to answer all questions previously propounded and all other questions material to the issues raised by the objections herein.
The motion to punish for contempt (CPLR 2308) is denied ,at this time without prejudice, and with leave to renew said motion and with leave also to move for such appropriate relief under CPLR 3126 as movant deems advisable, in the event that said Berardino Mastromonaco fails to comply with the foregoing directives.