Burton S. Sherman, J.
The defendant moves pursuant to CPLR 3101 (subd. [a], par. [3]) to take the oral deposition in Connecticut of a Dr. J. D. Balfour in his capacity as medical examiner who performed an autopsy on the plaintiff’s husband.
This is an action on a life insurance policy claiming accidental death. The plaintiff’s husband was found dead in the bottom of a swimming pool in Connecticut.
Since the enactment of the Civil Practice Law and Rules there has, of course, been a liberalization of pretrial disclosure. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.05.) In Kennelly v. St. Mary’s Hosp. (52 Misc 2d 352) in a negligence action an examination before trial was granted of a party defendant which sought relevant facts as well as expert opinion. This was based upon the holding in McDermott v. Manhattan Eye, Ear & Throat Hosp. (15 N Y 2d 20) which permitted the plaintiff to call the defendant doctor and seek his expert opinion in a malpractice action.
The instant motion now seeks to expand discovery procedure one step further and permit the examination of an expert witness as to his findings and conclusions in a contract action. The court is mindful of the restrictions to such practice. However, in Kraus v. Ford Motor Co. (38 A D 2d 680), Reif v. Gebel (246 App. Div. 776), Blooming Grove Props. v. Board of Assessors (34 A D 2d 953), Robinson v. Wildenstein (19 A D 2d 807), the granting of an examination of an expert would have resulted *91 in some procedural unfairness to one party not found in this case. The court is also aware of the caveat in reference to the Kennelly v. St. Mary Hosp. case (supra) found in volume 3 of Weinstein-Korn-Miller (N. Y. Civ. Prac., par. 3101.36), whiéh states, “ this case should not be taken as carte blanche authority to elicit opinions from any and all expert witnesses in their respective fields of expertise at a pretrial examination.”
However, the instant case presents a classic situation where such examination should be granted. There is no showing that Dr. Balfour performed his duties as either party’s expert and it is clear that his report and medical services were rendered in his capacity as medical examiner of Norwich, Connecticut, and not for any subsequent litigation. It is therefore not material prepared for trial. (CPLR 3101, subd. [d], par. 2.) Moreover at the very heart of the case is the question of whether the death was accidental. Clearly it would appear that a medical examiner’s testimony as to his findings and conclusions of an autopsy could be crucial to the case. It could well prove the cause of death or by negative inference rule out other causes. This is indeed a special circumstance requiring the examination of a witness. Both sides will have ready access to such testimony and may freely examine and cross-examine. (CPLR 3113, subd. [c].) This disposition appears to be in accord with Federal practice (Fed. Rules of Civ. Pro., tit. 28 Appendix rule 26, subd. [4], par. [B]; see Notes of Advisory Committee on Rules). The witness resides in the Town of Franklin, Connecticut, which is less than 100 air miles from New York. It is the actual transportation mileage rather than the air mileage which controls. “ As the crow flies ” has an application under CPLR 3101 (subd. [a], par. [3]). (De Groote v. Weglein, 45 Misc 2d 67.) The doctor has agreed to testify. The motion is granted.