■ DEBORAH MICHALAK, Individually and as Parent and Natural Guardian of RACHAL MICHALAK, an Infant, Appellant, v HERBERT VENTICINQUE, Defendant, and EDWARD PYC et al., Respondents. [635 NYS2d 875] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying plaintiff's motion for a protective order precluding the deposition of Dr. Bartz *(see,* CPLR 3103). "[A] defendant in a personal injury action may [not], as of right, depose any and all physicians who are shown to have treated the injuries claimed by the plaintiff" *(Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333, 334). Further, a party seeking discovery from a non-party expert witness must show "special circumstances" (CPLR 3101 [d] [1] [iii]). Allegations

that the information sought is relevant and material are insufficient *(Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 116-117). It must also be shown that the information sought "cannot be discovered from other sources or otherwise is necessary to prepare for trial [citation omitted]" *(King v State Farm Mut. Auto. Ins. Co.,* 198 AD2d 748; *see, Dioguardi v St. John's Riverside Hosp., supra,* at 334). Dr. Bartz supplied defendants with a letter and sworn statement chronicling his treatment of plaintiff, including the date of each treatment and plaintiff's physical complaints. Defendants failed to show that the deposition of Dr. Bartz might yield information material to the issue of damages that is not otherwise available. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Protective Order.) Present—Denman, P. J., Green, Fallon, Doerr and Boehm, JJ.