(September 30, 1996)

■ MARK ANDERSON et al., Respondents, v MICHAEL H. KAMALIAN, Appellant. [647 NYS2d 545] —In an action to recover damages for medical malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (DiBlasi, J.), dated August 7, 1995, as granted the motion of a nonparty witness to quash a subpoena issued to him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs allege that the defendant committed malpractice during the course of an operation upon the knee of the plaintiff Mark Anderson (hereinafter Anderson). Subsequent to this operation Anderson underwent a second surgical intervention on his knee by a nonparty, Dr. Ronald M. Krinick (hereinafter Krinick). Anderson retained Krinick as his expert witness in this action. The defendant seeks to depose Krinick as a nonparty witness pursuant to CPLR 3101 (a) (4).

"It is proper to direct disclosure against a nonparty witness only in the presence of adequate special circumstances *(see, Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 116-117) * * * The existence of 'special circumstances' is not established, however, merely upon a showing that the information sought might be relevant *(Cirale v 80 Pine St. Corp., supra)" (Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333, 334). Contrary to the defendant's argument, he has not demonstrated such "special circumstances" simply because Krinick operated upon Anderson subsequent to the defendant's operation *(see, Dioguardi v St. John's Riverside Hosp., supra; Michalak v Venticinque,* 222 AD2d 1060). Nor has the defendant demonstrated that the information sought from Krinick cannot be obtained from other sources such as hospital records *(see, Dioguardi v St. John's Riverside Hosp., supra; Radolinski v Otis El. Co.,* 188 AD2d 289).

In addition, Krinick is expected to testify at the trial, and prior to that point the defendant will obtain some of the information he seeks when Anderson furnishes the response which he is required to make in connection with the defendant's demand for expert information pursuant to CPLR 3101 (d) *(see, Spano v Geller,* 145 AD2d 623).

Accordingly, the Supreme Court did not improvidently exercise its discretion in quashing the subpoena *(see, Brady v Ottaway Newspapers,* 63 NY2d 1031, 1032). Sullivan, J. P., Pizzuto, Santucci and Hart, JJ., concur.