■ Scott Patterson et al., Respondents, v St. Francis Center at the Knolls, Inc., et al., Appellants. [671 NYS2d 532] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Orange County (Murphy, J.), dated July 29, 1997, which granted the plaintiffs' motion to quash a subpoena served upon a nonparty witness on condition that the plaintiffs are precluded at trial from eliciting any evidence pertaining to the medical procedure described in the original "operative note", dated April 19, 1995.

Ordered that the order is affirmed, with costs.

In this personal injury action, the defendants served a subpoena on one of the injured plaintiff's treating physicians. The defendants' basis for deposing this treating physician was inconsistencies between his original operative note and an amended operative note. A defendant in a personal injury action may not, as of right, depose any and all physicians who are shown to have treated the injuries claimed by the plaintiff (*see, Michalak v Venticinque,* 222 AD2d 1060). In addition, a party seeking discovery from a nonparty witness must show special circumstances (*see, Anderson v Kamalian,* 231 AD2d 659; *Michalak v Venticinque, supra*). Since the plaintiffs have agreed to be bound by the treating physician's amended operative note, and since the defendants have not shown any other special circumstances, the Supreme Court did not improvidently exercise its discretion in quashing the subpoena on

condition that the plaintiffs are precluded at trial from eliciting any evidence regarding the medical procedure described in the original operative note. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.