■ ELLA MIKINBERG et al., Respondents, v BURTON BRONSTHER et al., Defendants, and WILLIAM GROEGER, Appellant. [682 NYS2d 416] —In a medical malpractice action to recover damages for personal injuries, etc., the defendant Dr. William Groeger appeals from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated February 17, 1998, as granted the plaintiffs' motion to quash certain subpoenas issued to nonparties Dr. Clifford Butterman and Dr. Inna Royfe, which had directed them to appear for depositions.

Ordered that the order is modified by deleting therefrom the provision which granted that branch of the plaintiffs' motion which was to quash the subpoena served upon Dr. Clifford Butterman and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The Supreme Court improvidently exercised its discretion in quashing the subpoena directed to Dr. Clifford Butterman. While Dr. Butterman continued referring the infant plaintiff to

other doctors for treatment of the condition underlying this medical malpractice action through 1994, his records fail to make any reference to that condition after October 29, 1992. Furthermore, although the plaintiffs originally also sued Dr. Butterman and even attached an affidavit of merit to the complaint naming him as a defendant, they have now discontinued the action against him without explanation therefor. This sufficiently shows the existence of special circumstances warranting the deposition of Dr. Butterman as a nonparty witness (*see,* CPLR 3101 [a] [4]; *Heitzman v Abrahamson,* 97 AD2d 811; *cf., Patterson v St. Francis Ctr.,* 249 AD2d 457; *Anderson v Kamalian,* 231 AD2d 659; *Michalak v Venticinque,* 222 AD2d 1060; *Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333).

However, the Supreme Court providently exercised its discretion in quashing the subpoena directed to the infant plaintiff's treating dentist, Dr. Inna Royfe. There is no indication that she took any action concerning the infant plaintiff's facial cyst beyond her initial referral of the infant plaintiff to an oral surgeon on November 2, 1991. Moreover, in contrast to Dr. Butterman, she was not originally named as a defendant but then inexplicably dropped from the suit. Thus, the appellant has failed to show that he could not obtain the information he seeks from Dr. Royfe from other sources (*see, Patterson v St. Francis Ctr., supra; Anderson v Kamalian, supra; Michalak v Venticinque, supra; Dioguardi v St. John's Riverside Hosp., supra*). Copertino, J. P., Sullivan, Krausman and Florio, JJ., concur.