■ JAMES H. BLAISDELL, JR., as Administrator of the Estate of JOSEPHINE A. BLAISDELL, Deceased, Appellant, v HUNTINGTON HOSPITAL et al., Defendants, and HUNTINGTON MEDICAL GROUP, P. C., et al., Respondents. [705 NYS2d 261] —In an action to recover damages for wrongful death and medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated March 31, 1999, which granted that branch of the oral application of the defendants Huntington Medical Group, P. C., Jay Steinberg, Andrew Patane, Raman Bhasin, and David Mayer which was to preclude the introduction of the testimony of nonparty Scott Blaisdell at the trial of this action, upon his failure to appear for a deposition.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, with costs, and the application is denied.

No appeal lies as of right from an order resulting from an oral application (*see,* CPLR 5701 [a] [1], [2]). However, there was a complete failure to follow the proper procedures for conducting nonparty discovery as provided in the CPLR (*see,* CPLR 3106 [b]; 3101; *Anderson v Kamalian,* 231 AD2d 659), and no basis for the imposition of the drastic sanction of preclu-

sion pursuant to CPLR 3126. We therefore exercise our discretion to grant leave to appeal, reverse the order, and deny the oral application (*see, Pigott v Hamalian,* 262 AD2d 383). Altman, J. P., Friedmann, Krausman and Feuerstein, JJ., concur.