■ RONNIE BOSTROM, Plaintiff, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Appellant. [727 NYS2d 160] —In an action to recover the proceeds of a life insurance policy, the defendant appeals from an order of the Supreme Court, Nassau

County (O'Connell, J.), which denied the plaintiff's motion, in which it joined, for the issuance of a subpoena directing a nonparty witness to appear for a deposition and to produce certain documents at the deposition.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, to issue the subpoena.

The decedent was struck and killed by a Long Island Railroad train. Thereafter, the plaintiff, the beneficiary of a life insurance policy issued by the defendant to the decedent, commenced this action to compel the defendant to pay the $200,000 policy amount. In its answer to the complaint, the defendant asserted that the decedent's death was the result of suicide, and denied coverage under the policy.

The autopsy of the decedent was performed by deputy medical examiner Michael DeMartino of the Nassau County Office of the Medical Examiner. Both his autopsy report and an amended certificate of death, which he signed, listed the manner of death as "suicide." After learning that the defendant's denial of coverage was based on DeMartino's report and the amended certificate of death, the plaintiff moved for the issuance of a subpoena directing DeMartino to appear for a deposition and to produce certain documents at the deposition. The defendant joined in the motion.

The Supreme Court improvidently exercised its discretion in failing to issue the subpoena. A party seeking disclosure from a nonparty witness must show special circumstances (*see,* CPLR 3101 [a] [4]; *Mikinberg v Bronsther,* 256 AD2d 501; *Patterson v St. Francis Ctr.,* 249 AD2d 457; *Anderson v Kamalian,* 231 AD2d 659; *Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333). Special circumstances may be shown by establishing that the information sought cannot be obtained from other sources (*see, Dioguardi v St. John's Riverside Hosp., supra*). Although the parties were provided with DeMartino's autopsy report and the amended certificate of death, those documents do not contain the basis for his conclusion that the manner of the decedent's death was suicide, which is at issue in this case. Thus, the existence of special circumstances warranting the deposition of DeMartino as a nonparty witness was shown (*see, Bernikow v Allstate Ins. Co.,* 78 Misc 2d 90). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.