■ ALEX D'AMBROSIO et al., Appellants, v 85 CRYSTAL RUN COMPANY et al., Respondents. [831 NYS2d 455]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated July 31, 2005, as denied that branch of their motion which was to preclude the use of the December 3, 2003 deposition testimony of Jeffrey H. Newton, the psychiatrist who treated the plaintiff Betty Martin, and granted the separate cross motions of the defendants Empire Blue Cross and Blue Shield and PVI Industries, Inc., to unseal the deposition transcript of that witness.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to preclude the use of the December 3, 2003 deposition testimony of Jeffrey H. Newton is granted, the separate cross motions of the defendants Empire Blue Cross and Blue Shield and PVI Industries, Inc., to unseal the deposition transcript are denied, the deposition transcript of Jeffrey H. Newton is resealed, and the defendants Empire Blue Cross and Blue Shield and PVI Industries, Inc., and all other parties who are in possession of copies of this deposition transcript, shall surrender them within five days of service upon them of a copy of this decision and order, to the Supreme Court, Orange County, for inclusion in the resealing.

As the plaintiffs correctly contend, the defendants failed to establish under CPLR article 31 or the Uniform Rules for the New York State Trial Courts a right to conduct an ex parte deposition of Jeffrey H. Newton, the treating psychiatrist of the plaintiff Betty Martin (*see Arons v Jutkowitz*, 37 AD3d 94 [2006]; *Tannenbaum v Tenenbaum*, 8 AD3d 360 [2004]; *Anderson v Kamalian*, 231 AD2d 659, 660 [1996]). Therefore, the Supreme Court erred in permitting the use of the deposition testimony, which should have remained sealed (*see Hallahan v Ashland Chem. Co.*, 237 AD2d 697, 697-698 [1997]).

In light of the foregoing determination, we need not address the plaintiffs' remaining contentions. Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.