■ DENISE DE STAFANO, Respondent, v MT HEALTH CLUBS, INC., Doing Business as MADISON HEALTH CLUB, et al., Appellants, et al., Defendants. [632 NYS2d 569] —Order, Supreme Court, New York County (Paula Omansky, J.), entered March 6, 1995, which granted plaintiff's motion to quash defendants' subpoenas served on nonparty witnesses, unanimously affirmed, without costs.

The subpoenas duces tecum with notice of deposition served on plaintiff's health care providers were facially defective for failure to "stat[e] the circumstances or reasons such disclosure is sought or required", as required by CPLR 3101 (a) (4) (*Rickicki v Borden Chem.*, 195 AD2d 986; *Pavia v 810 Broadway Assocs.*, 130 Misc 2d 1054). Whether the IAS Court could have permitted the omissions to be corrected is a question we do not reach, since no such relief was sought by defendants. In any event, we agree with the IAS Court's exercise of discretion in refusing to enforce the subpoenas on the ground that the medical records already received or made available to defendants were sufficient to enable them to prepare for trial (*see, Ferrer v Horvath*, 143 AD2d 627). Concur—Kupferman, J. P., Asch, Williams and Tom, JJ.

**30** JAMES JOSEPH, Individually and as Administrator of the Estate of ALEXANDRINA JOSEPH, Deceased, Respondent, v HAROLD R. BRODMAN et al., Appellants, et al., Defendant. [633 NYS2d 942] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered March 16, 1994, which, *inter alia*, denied defendants-appellants' motions for summary judgment, unanimously affirmed, without costs.

The conflicting affidavits and deposition testimony of the parties and their experts raise issues of fact precluding summary judgment, including, with respect to defendant Cohen, whether he recommended to the decedent on her initial visit to him in January 1984 that she undergo a course of adjuvant therapy, and, if not, whether the failure to do so was malpractice that diminished the decedent's chances of survival, and, with respect to defendant Brodman, whether he recommended adjuvant therapy after the February 1983 mastectomy his associate performed. Concur—Sullivan, J. P., Wallach, Asch and Tom, JJ.

■ PEOPLE v ALONSO RAQUEL. [633 NYS2d 751] —Appeal reinstated and argument thereof adjourned to the January 1996 Term. Concur—Rosenberger, J. P., Wallach, Asch, Tom and Mazzarelli, JJ.