■ KNITWORK PRODUCTIONS CORP., Respondent, v JONATHAN HELFAT et al., Appellants. [651 NYS2d 99] —In an action to recover damages for tortious interference with a business relationship, the defendants appeal from (1) so much of an order of the Supreme Court, Nassau County (Collins, J.), entered January 16, 1996, as denied their motion for a change of venue from Nassau County to New York County, and (2) an order of the same court, entered January 29, 1996, which granted the plaintiff's motion to quash a subpoena duces tecum served upon nonparty Rosenthal & Rosenthal, and to limit the scope of a judicial subpoena served upon nonparty Jerry Sandek.

Ordered that the order entered January 16, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered January 29, 1996, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The defendants contend that the Supreme Court erred in denying their motion to change venue of this action from Nassau County to New York County. We disagree. Although it is undisputed that the plaintiff initially commenced suit in an improper county, the plaintiff voluntarily discontinued its first action pursuant to CPLR 3217 (a) (1), and commenced this action in Nassau County. Since the plaintiff had an "absolute and unconditional" right to voluntarily discontinue its first action without order of the court (see, Giambrone v Giambrone, 140 AD2d 206; Battaglia v Battaglia, 90 AD2d 930 [Levine, J., dissenting], revd 59 NY2d 778, on dissenting opn at App Div), and since the plaintiff's principal office for purposes of venue is located in Nassau County, there is no merit to the defendants' claim that they are entitled to a change of venue as a matter of right (see, Johnson v Greater N. Y. Conference of Seventh Day Adventist Church, 204 AD2d 692).

Furthermore, the Supreme Court properly found that the subpoena duces tecum which the defendants served upon the nonparty Rosenthal & Rosenthal was facially defective and unenforceable because it neither contained nor was accompanied by a notice setting forth "the circumstances or reasons such disclosure is sought or required" (CPLR 3101 [a] [4]; see, De Stafano v MT Health Clubs, 220 AD2d 331; Rickicki v Borden Chem., 195 AD2d 986; Kaufman v Red Ground Corp., 170 AD2d 484; Bigman v Dime Sav. Bank, 153 AD2d 912). In addition, the court did not improvidently exercise its discretion in limiting the scope of inquiry on nonparty Jerry Sandek (see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403; City of Mount Vernon v Lexington Ins. Co., 232 AD2d 358). Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.