■ In the Matter of VALIDATION REVIEW ASSOCIATES, INC. MORDECAI BERKUN, Appellant; DAVID SCHIMEL, Respondent. [655 NYS2d 1005] —In a proceeding pursuant to Business Corporation Law § 1104 to dissolve a corporation, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated February 22, 1996, as granted the motion of David Schimel to quash judicial subpoenas and to vacate related notices of deposition served upon nonparty witnesses Elizabeth DeEspina and Island Peer Review Organization.

Ordered that the order is affirmed insofar as appealed from, with costs.

The court properly concluded that the subpoenas served upon, *inter alia,* nonparty witnesses Elizabeth DeEspina and Island Peer Review Organization (hereinafter IPRO) were facially invalid and unenforceable because they did not contain, or were not accompanied by, a notice setting forth the reason why disclosure was sought *(see, Knitwork Prods. Corp. v Helfat,* 234 AD2d 345; *De Stafano v MT Health Clubs,* 220 AD2d 331; *Rickicki v Borden Chem.,* 195 AD2d 986; *Kaufman v Red Ground Corp.,* 170 AD2d 484). Although the petitioner represents that substitute subpoenas containing the required notice were served, the record on appeal does not contain the substitute subpoenas served upon DeEspina or IPRO. Therefore, we cannot determine whether these substitute subpoenas did, in fact, contain the required notice and, if so, whether such notice was sufficient.

The court did not improvidently exercise its discretion in granting David Schimel's motion to quash these subpoenas *(City of Mount Vernon v Lexington Ins. Co.,* 232 AD2d 358). The petitioner, who seeks disclosure from nonparty witnesses, failed to establish "special circumstances" by demonstrating that the information sought to be discovered cannot be obtained from other sources *(see, Schwarz v Schwarz,* 227 AD2d 611; *Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.