■ PETER TSACHALIS, Appellant, v CITY OF MOUNT VERNON et al., Respondents, and JEANINE PIRRO, as District Attorney of the County of Westchester, Nonparty Respondent. [690 NYS2d 746] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), dated April 9, 1998, which denied his motions to (1), *inter alia,* compel the defendants to accept his amended bill of particulars, (b) compel the Westchester County District Attorney to produce the entire file prepared by that office regarding the underlying arrest and trial of the plaintiff, and (c) compel production by the defendant City of Mount Vernon of, among other things, employment records of the defendant Police Officer Leonard Loizzo and police rules and regulations, (2) an order of the same court, also dated April 9, 1998, which, *inter alia,* granted the motion of the Westchester County District Attorney to quash a subpoena for the

material sought, and (3) two orders of the same court, entered May 13, 1998, and July 15, 1998, respectively, which denied his motions, denominated as ones for renewal and reargument, but which were, in actuality, motions for reargument.

Ordered that the appeals from the orders entered May 13, 1998, and July 15, 1998, are dismissed, as no appeals lie from orders denying reargument; and it is further,

Ordered that the first order dated April 9, 1998, is modified, by deleting the provision thereof denying that branch of the plaintiff's motion which was to compel acceptance of the amended and supplemental bill of particulars, and substituting therefore a provision granting that branch of the plaintiff's motion; as so modified, the first order dated April 9, 1998, is affirmed; and it is further,

Ordered that the second order dated April 9, 1998, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff was arrested by the defendant police officer and, in the process of the arrest, was allegedly assaulted by the officer, thereby sustaining physical injuries. The plaintiff was ultimately acquitted of the charges for which he had been arrested.

We agree with the plaintiff's contention that the Supreme Court erred in failing to compel the defendants to accept his amended and supplemental bill of particulars. The plaintiff's original bill of particulars set forth that he sustained aggravation of a preexisting cervical and back injury and suffered from continuing back pain. In the amendment, the plaintiff sought to allege more specifically the precise nature of these injuries. At the time the plaintiff moved to compel the defendants to accept his amended and supplemental bill of particulars, the matter had not yet been placed on the trial calendar, no certificate of readiness had yet been filed, and, notably, the defendants did not argue that they would be prejudiced by such an amendment, nor do they do so on appeal.

The plaintiff did not provide a reasonable excuse for his delay in seeking to amend the bill of particulars and did not provide an affidavit of merit. However, despite these inadequacies, the lack of prejudice to the defendants supports a finding that the Supreme Court improvidently exercised its discretion in denying the amendment of the bill of particulars (*see, Adams v Jamaica Hosp.,* 258 AD2d 604; *Napolitano v DGM-I Corp.,* 255 AD2d 567; *Corsale v Pantry Pride Supermarket,* 197 AD2d 659).

Contrary to the plaintiff's contention, however, the Supreme Court properly denied that branch of his motion which was to compel production of documents from the nonparty Westchester County District Attorney (hereinafter the District Attorney) and granted the District Attorney's motion to quash the subpoena for those documents. The plaintiff failed to establish "special circumstances" by demonstrating that the information sought to be discovered from this nonparty could not be obtained from other sources (*see, Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333, 334; *see also, Sand v Chapin,* 246 AD2d 876; *Adams Light. Corp. v First Cent. Ins. Co.,* 230 AD2d 757). Indeed, his failure to demonstrate the unavailability of the information from other sources was alone sufficient to sustain quashing the subpoena for the files of the nonparty District Attorney as an appropriate exercise of discretion (*see, Maxwell v Snapper, Inc.,* 249 AD2d 374; *Newman v Lotwin,* 247 AD2d 318; *Schwarz v Schwarz,* 227 AD2d 611, 612).

The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was to compel the defendant City of Mount Vernon to produce various documents (*cf., Keenan v Harbor View Health & Beauty Spa,* 205 AD2d 589).

The plaintiff's subsequent motions, although characterized as ones to renew and reargue, were not based upon new facts which were unavailable at the time of the original motion. These motions were actually motions to reargue, the denials of which are not appealable (*see, Marine Midland Bank v Freedom Rd. Realty Assocs.,* 203 AD2d 538; *Mgrditchian v Donato,* 141 AD2d 513).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.