■ CANDACE M. CATALANO et al., Appellants, v DOUGLAS B. MORELAND, M.D., Defendant. KENMORE MERCY HOSPITAL, Respondent. [750 NYS2d 209] —Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered October 24, 2001, which denied plaintiffs' motion to compel disclosure from Kenmore Mercy Hospital.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action alleging that defendant committed medical malpractice in failing to obtain the informed consent of Candace M. Catalano (plaintiff) prior to performing surgery on her at Kenmore Mercy Hospital (Hospital). Contrary to the contention of plaintiffs, Supreme Court did not abuse its discretion in denying their motion to compel the nonparty Hospital to produce its bylaws. We reject the Hospital's contention that plaintiffs were required to demonstrate special circumstances before being entitled to disclosure from a nonparty pursuant to CPLR 3101 (a) (4). CPLR 3101 (a) (4) was amended in 1984 to eliminate the "special circumstances" requirement, which now applies only if disclosure is being sought from a nonparty expert witness pursuant to CPLR 3101 (d) (1) (iii) (*see Schroder v Consolidated*

*Edison Co. of N.Y.,* 249 AD2d 69, 70; *see also* Siegel, NY Prac § 345, at 527-528 [3d ed]). We conclude, however, that plaintiffs failed to demonstrate that the documents they sought were material and necessary to the prosecution of the action against defendant (*see* 3101 [a]). To establish medical malpractice based on lack of informed consent, plaintiffs will be required to produce expert medical testimony (*see King v Jordan,* 265 AD2d 619, 620) establishing, inter alia, that, in providing professional treatment, defendant "failed to disclose alternatives thereto and failed to inform [plaintiff] of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances" (*Foote v Rajadhyax,* 268 AD2d 745, 745). Thus, as the court properly concluded, the reasonableness of defendant's conduct will be measured, not against the Hospital bylaws, but rather against what would have been disclosed by a reasonable medical practitioner. Additionally, insofar as the bylaws set forth standards of care and procedures concerning peer review and quality management, they are not discoverable (*see Bernholc v Kitain,* 294 AD2d 387). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.