■ TOWER INSURANCE COMPANY OF NEW YORK, as Subrogee of Natalie Soleymanzadeh, Respondent, et al., Plaintiffs, v ROBERT MURELLO, Doing Business as ROBERT MURELLO ELECTRICAL CONTRACTING Co., et al., Appellants. [889 NYS2d 852]—

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution . . . of an action." "The phrase 'material and necessary' should be 'interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason' " (*Auerbach v Klein*, 30 AD3d 451, 452 [2006], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Nevertheless, "unlimited disclosure is not permitted" (*Silcox v City of New York*, 233 AD2d 494 [1996]). Thus, as a matter of discretion (see *Young v Tierney*, 271 AD2d 603 [2000]), the court may issue a protective order where a discovery demand seeks privileged or irrelevant material (see *Holness v Chrysler Corp.*, 220 AD2d 721, 722 [1995]). In this case, the plaintiff met its burden of demonstrating that the demanded documents were privileged "by virtue of being material prepared in anticipation of litigation" (*Marten v Eden Park Health Servs.*, 250 AD2d 44, 47 [1998]; *Landmark Ins. Co. v Beau Rivage Rest.*, 121 AD2d 98 [1986]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.