6

[901 NYS2d 312]

Michael Kooper, Respondent, v Elisabeth Kooper, Appellant.

Second Department, May 11, 2010

## APPEARANCES OF COUNSEL

*Clair, Greifer LLP*, New York City (*Bernard E. Clair* and *Joseph F. DeSimone* of counsel), and *Egan & Golden, LLP*, Wainscott, for appellant (one brief filed).

*Kenneth J. Weinstein,* Garden City (*Michael J. Langer* of counsel), and *Kasowitz, Benson, Torres & Friedman, LLP,* New York City, for respondent (one brief filed).

**OPINION OF THE COURT**

ANGIOLILLO, J.

On this appeal we consider principles governing the discovery of documents from nonparties pursuant to CPLR 3101 (a) (4), which provides that the party seeking disclosure must give notice stating "the circumstances or reasons such disclosure is sought or required" from the nonparty. Specifically, the question arises whether a party must establish the existence of "special circumstances" warranting discovery from a nonparty in order to successfully oppose a motion to quash a subpoena duces tecum served on that nonparty. Many of our cases continued to apply that standard after CPLR 3101 (a) (4) was amended to remove the requirement that discovery from a nonparty be obtained only "where the court on motion determines that there are adequate special circumstances." We hereby disapprove the further application of the "special circumstances" standard in this context. We, nevertheless, look behind that language in our cases and find underlying considerations which are appropriate and relevant to the trial court's exercise of its discretion in determining whether a request for discovery from a nonparty should go forward or be quashed. Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to quash the subpoenas at issue.

## The Discovery Demands, Subpoenas, and Motion to Quash

By preliminary conference order dated June 19, 2008, the parties stipulated to a schedule which required the completion of discovery and inspection by September 15, 2008. On July 11, 2008, the parties served each other with their respective notices of discovery and inspection. In addition, on July 18, 2008, the defendant served subpoenas duces tecum on five nonparty financial institutions, demanding production of documents related to any accounts held by the plaintiff, and, on July 21, 2008, the defendant served an amended subpoena on one of the five institutions. The following notice appears on the face of each subpoena: "The circumstances or reasons said disclosure is sought or required are to identify and value certain marital property, which is material and necessary in the prosecution or defense of this action." Copies of the six subpoenas were served on the plaintiff.

In correspondence between counsel, the plaintiff demanded the withdrawal of the subpoenas, contending that discovery from nonparties was inappropriate prior to completion of discovery between the parties and in the absence of a showing of "special circumstances." The defendant's counsel responded that discovery from nonparties was appropriate at any time after the commencement of the action. In light of the defendant's refusal to withdraw the subpoenas, the plaintiff moved to quash them on July 30, 2008. On August 18, 2008, the defendant filed her cross motion, inter alia, pursuant to CPLR 3124 to compel the plaintiff to comply with her document demand dated July 11, 2008 and submitted arguments in opposition to the plaintiff's motion to quash. In her papers, the defendant noted that three of the five financial institutions, First Republic Bank, Smith Barney/Citigroup Global Markets, Inc., and Citicorp Credit Services, Inc., had produced the demanded documents in response to her subpoenas. While the motion and cross motion were sub judice, the plaintiff's counsel notified the defendant's counsel by letter that the plaintiff's documents in response to the defendant's discovery demand had been delivered to a copy service for reproduction and transfer onto a compact disk, and that in light of the enormous volume of documents, the plaintiff estimated that reproduction would not be complete until September 16, 2008.

On September 18, 2008, the Supreme Court issued the order appealed from, granting the plaintiff's motion to quash on the ground that the defendant had failed to tender a sufficient explanation why the discovery from nonparties was necessary. The Supreme Court also denied the defendant's cross motion in its entirety. With respect to that branch of the cross motion which was to compel the plaintiff to comply with the defendant's discovery demand, the Supreme Court noted that the "plaintiff has timely responded . . . as of this date."

In her appellate brief, the defendant concedes that, on September 24, 2008, she received from the plaintiff three compact disks containing approximately 27,000 pages of documents responsive to her document demand, as the plaintiff's counsel had promised in his earlier correspondence. The plaintiff's production of these documents thus renders academic the defendant's appeal from so much of the order as denied that branch of her cross motion which was pursuant to CPLR 3124 to compel the plaintiff to comply. Similarly, the document production by three of the five nonparty financial institutions

renders academic the defendant's appeal from so much of the order as granted that branch of the plaintiff's motion which was to quash the subpoenas served on those three entities. Accordingly, those portions of the defendant's appeal must be dismissed (*see Bajrovic v Jeff Anders Trucking*, 52 AD3d 553 [2008]; *Schmidt v Maiorino*, 209 AD2d 683, 684 [1994]).

We turn now to the defendant's contention that the Supreme Court improperly granted that branch of the plaintiff's motion which was to quash the subpoenas she served on the two remaining nonparty financial institutions, American Express and Principal Trust Company, formerly known as Delaware Charter Guarantee & Trust Company.

## The Threshold Requirement for Discovery from Parties and Nonparties

Disclosure in New York civil actions is guided by the principle of "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]). The phrase "material and necessary" is "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *see Tower Ins. Co. of N.Y. v Murello*, 68 AD3d 977 [2009]). The Court of Appeals' interpretation of "material and necessary" in *Allen* has been understood "to mean nothing more or less than 'relevant'" (Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:5).

To withstand a challenge to a discovery request, therefore, the party seeking discovery must first satisfy the threshold requirement that the disclosure sought is "material and necessary," whether the request is directed to a party (*see* CPLR 3101 [a] [1]) or a nonparty (*see* CPLR 3101 [a] [4]). Entitlement to discovery of matter satisfying the threshold requirement is, however, tempered by the trial court's authority to impose, in its discretion, appropriate restrictions on demands which are "unduly burdensome" (*Scalone v Phelps Mem. Hosp. Ctr.*, 184 AD2d 65, 70 [1992]; *see Kaye v Kaye*, 102 AD2d 682, 691 [1984]) and to prevent abuse by issuing a protective order where the discovery request may cause "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]). Where a request for discovery

from a nonparty is challenged solely on the ground that it exceeds the permissible scope of matters material and necessary in the prosecution or defense of the action, a motion to quash is properly denied if that threshold requirement is satisfied (*see Samide v Roman Catholic Diocese of Brooklyn*, 16 AD3d 482, 483-484 [2005]), or properly granted if the discovery sought is not material and necessary (*see Mendelovitz v Cohen*, 49 AD3d 612 [2008]).

Here, in this action for a divorce and ancillary relief in which the parties seek, inter alia, the equitable distribution of marital assets, "the entire financial history of the marriage is open for examination," and "[b]road pretrial disclosure enabling both spouses to obtain necessary information regarding the value and nature of the marital assets is deemed critical if the trial court is to properly distribute the marital assets" (*Goldsmith v Goldsmith*, 184 AD2d 619, 620 [1992]; *see Pagello v Pagello*, 17 AD3d 428, 429 [2005]; *Kaye v Kaye*, 102 AD2d at 691). The two subpoenas at issue seek financial records including periodic statements for any accounts in the plaintiff's name for the time period of "January 1, 2002 to the present." This information is material and necessary as an aid to the parties in determining the value and nature of the marital assets and an aid to the trial court in properly distributing those assets. Since the defendant has met the threshold requirement, an order quashing the subpoenas may not be premised on the ground that the requested disclosure is not material or necessary to the prosecution or defense of this action.

### Additional Considerations for Discovery from Nonparties

Beyond the requirement of materiality and necessity which defines the scope of permissible discovery, a disclosure request directed to a nonparty implicates considerations in addition to those governing discovery from a party. These additional considerations are at the heart of this appeal.

As noted, CPLR 3101, entitled "Scope of Disclosure," sets forth general requirements applicable to all discovery. At one time, CPLR 3101 allowed disclosure as against a nonparty only "where the court *on motion* determines that there are adequate *special circumstances*" (*Cirale v 80 Pine St. Corp.*, 35 NY2d 113, 116 [1974], quoting CPLR 3101 [former (a) (4)] [emphasis added]). The Court of Appeals made clear that this requirement was not established by a "bare assertion" of special circumstances, nor was it met merely by satisfying the threshold "ma-

terial and necessary" standard (*Cirale v 80 Pine St. Corp.*, 35 NY2d at 116-117). In *Cirale*, the Court held that the parties seeking discovery in that case had failed to make any showing of special circumstances, but suggested that the requirement might be met if, after further investigation, they were still unable to obtain "sufficient independent evidence" of their claim (*id.* at 117).

In 1984, the Legislature amended CPLR 3101 (a) (4) to eliminate the "on motion" and "special circumstances" language, substituting therefor the requirement that such disclosure be obtained "upon notice stating the circumstances or reasons such disclosure is sought or required" (L 1984, ch 294, § 2 [eff Sept. 1, 1984] [hereinafter the 1984 amendment]). The 1984 amendment, however, did not change the requirement that a party obtain "[a] court order upon a showing of special circumstances" when further disclosure is sought concerning the expected testimony of an expert witness; this is the sole remaining subsection with the "special circumstances" language (CPLR 3101 [d] [1] [iii]).

After the 1984 amendment, CPLR 3120, which specifically governs document production, continued to require a court order for discovery from a nonparty. Subdivision (b) of that rule required the party seeking disclosure to obtain the order upon motion with notice to adverse parties and the nonparty from whom disclosure was sought (*see* McKinney's Cons Laws of NY, Book 7B, CPLR 3120, Historical and Statutory Notes). In 2002, the Legislature amended CPLR 3120 (L 2002, ch 575, § 2 [eff Sept. 1, 2003] [hereinafter the 2002 amendment]), dispensing with the need to make a motion and requiring only service of a subpoena duces tecum for the production of documents in the custody and control of a nonparty witness (*see* Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3120:1). The 2002 amendment brought nonparty document production into line with the procedure for compelling a nonparty witness to produce documents during the nonparty's deposition, which requires service of a subpoena without a motion or court order (*see* CPLR 3106 [b]; 3111).

### The Notice Requirement

In *Velez v Hunts Point Multi-Serv. Ctr., Inc.* (29 AD3d 104, 109-110 [2006]), the Appellate Division, First Department, observed that

"[n]othing in the [2002] amendments to CPLR 3120

. . . dispenses with the general requirement of CPLR 3101 (a) (4) that, where disclosure is sought from a nonparty, the nonparty shall be given notice stating the circumstances or reasons such disclosure is sought or required. The purpose of such requirement is presumably to afford a nonparty who has no idea of the parties' dispute or a party affected by such request an opportunity to decide how to respond."

Subsequent to the statutory amendments, this Court has adhered to the view that a subpoena duces tecum served on a nonparty is "facially defective" and unenforceable if it neither contains, nor is accompanied by, a notice stating the circumstances or reasons such disclosure is sought or required (*Matter of American Express Prop. Cas. Co. v Vinci*, 63 AD3d 1055, 1056 [2009]; *see e.g. Wolf v Wolf*, 300 AD2d 473 [2002]; *Knitwork Prods. Corp. v Helfat*, 234 AD2d 345, 346 [1996]). The Appellate Division, Fourth Department, is in agreement (*see Wilson v City of Buffalo*, 298 AD2d 994, 997 [2002]; *Rickicki v Borden Chem.*, 195 AD2d 986 [1993]). The First Department has also so held (*see De Stafano v MT Health Clubs*, 220 AD2d 331 [1995]), but subsequently, in addressing a question left open in *De Stafano*, determined that the lack of such notice is not fatal and may be remedied by the showing of circumstances and reasons made in response to a motion to quash the subpoena (*see Velez v Hunts Point Multi-Serv. Ctr., Inc.*, 29 AD3d at 111). In *Velez*, the Court held that, "although the better practice, indeed the mandatory requirement of CPLR 3101 (a) (4), is to include the requisite notice on the face of the subpoena or in a notice accompanying it," the lack of notice in the subpoena at issue in that case did not constitute grounds to quash it given the sufficiency of the showing in opposition to the motion (*id.*). The underlying rationale, in part, is that the statutory scheme places the burden on the party or nonparty challenging a subpoena served pursuant to CPLR 3120 to come forward with objections within 20 days or else waive them (*see* CPLR 3122; Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:23). The Appellate Division, Fourth Department, in dicta, has followed the First Department's reasoning on this issue (*see Hauzinger v Hauzinger*, 43 AD3d 1289, 1290 [2007], *affd* 10 NY3d 923 [2008]).

This Court also has indicated, in dicta, that such a facial defect might be remedied (*see Kaufman v Red Ground Corp.*,

170 AD2d 484 [1991]), and in a case involving facially defective subpoenas that allegedly, dehors the record, were reissued with the required notice, we have considered the merits of the showing in opposition to a motion to quash and found it lacking (*see Matter of Validation Review Assoc. [Berkun—Schimel]*, 237 AD2d 614, 615 [1997]). We have not, however, had occasion to consider whether a motion to quash for lack of the required notice may be successfully defeated upon an adequate showing of circumstances and reasons for the requested disclosure, nor do we have occasion to do so now. The case before us is distinguishable from those in which no notice at all was given because the two subpoenas at issue contain a notice with a statement of circumstances and reasons why the defendant sought the disclosure. The question before us is whether the circumstances and reasons proffered by the defendant were sufficient to withstand the plaintiff's motion to quash.

## Adequacy of Circumstances and Reasons for the Disclosure

After the 1984 amendment eliminating the "special circumstances" language, the departments of the Appellate Division have differed in their interpretations of the "circumstances and reasons" requirement and the sufficiency of the showing necessary to withstand a challenge to disclosure from a nonparty (*see* Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.33a [2d ed]; Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:22). In 1988, this Court held, in a case involving a nonparty deposition, that the "[special circumstances] requirement survived the 1984 amendment to CPLR 3101 (a) (4)" (*Dioguardi v St. John's Riverside Hosp.*, 144 AD2d 333, 334 [1988]). In so holding, we relied upon two First Department cases which, while noting the pre-amendment trend in that Court to interpret "special circumstances" liberally as requiring only a "nominal" showing of need and relevance, concluded that the 1984 amendment did not indicate a "legislative intent to depart from the liberal interpretation heretofore accorded to the 'special circumstances' standard in the former legislation" (*Slabakis v Drizin*, 107 AD2d 45, 46, 48 [1985]; *see New England Mut. Life Ins. Co. v Kelly*, 113 AD2d 285, 288 [1985]). We also relied upon a post-amendment case of the Court of Appeals, which quoted with approval from the pre-amendment case *Cirale* in holding that, "[i]n the ordinary case, the scope of discovery available against a nonparty is governed solely by the 'sweeping exhortation' of CPLR 3101 which requires 'full

disclosure of all evidence material and necessary in the prosecution or defense of an action,' wherever 'sufficient independent evidence' is not obtainable" (*O'Neill v Oakgrove Constr.*, 71 NY2d 521, 526 [1988], quoting *Cirale v 80 Pine St. Corp.*, 35 NY2d at 116-117). In *Dioguardi*, we held that the determination of whether "special circumstances" exist is a matter committed to the sound discretion of the trial court and concluded, based on the record there, that the trial court had not abused its discretion in denying the defendant's request to depose a nonparty physician who was one of several physicians treating the plaintiff after the defendant's alleged malpractice. A significant factor in our determination was the defendant's failure to show that the proposed disclosure would yield material information that was not available from other sources, such as hospital records (144 AD2d at 334-335).

The Appellate Division, Third Department, has cited *Dioguardi* with approval in holding that "[d]isclosure against a nonparty is available only upon a showing of special circumstances, i.e., that the information sought to be discovered is material and necessary and cannot be discovered from other sources or otherwise is necessary to prepare for trial" (*King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d 748, 748 [1993]). More recently, the Third Department continues to use the "special circumstances" rubric (*see Matter of John H.*, 56 AD3d 1024, 1026 [2008]; *Cerasaro v Cerasaro*, 9 AD3d 663, 665 [2004]).

The First Department has held that the 1984 amendment eliminated the need to show that the "circumstances" were "special" (*BAII Banking Corp. v Northville Indus. Corp.*, 204 AD2d 223, 225 [1994]), and subsequently declined to follow our holding in *Dioguardi* as "in conflict" with the *BAII Banking* decision (*Schroder v Consolidated Edison Co. of N.Y.*, 249 AD2d 69, 70 [1998]). In *Catalano v Moreland* (299 AD2d 881 [2002]), the Fourth Department cited *Schroder* with approval and stated, in dicta, that the 1984 amendment eliminated the "special circumstances" requirement, but went on to decide the case before it on the ground that the documents sought were not material and necessary to the prosecution of the action. Subsequent to the Fourth Department's decision in *Catalano*, the First Department cited *Dioguardi* with approval to preclude nonparty depositions in two cases, one of which used the "special circumstances" rubric (*Tannenbaum v City of New York*, 30 AD3d 357, 358 [2006]), and both premising denial of the requested

disclosure on the failure to show, inter alia, that the information was unobtainable from other sources (*id.* at 359; *see Reich v Reich*, 36 AD3d 506, 507 [2007]).

Subsequent to *Dioguardi*, many of our cases involving nonparty discovery continued to hold that "special circumstances" must be shown (*see e.g. Katz v Katz*, 55 AD3d 680, 683 [2008]; *Moran v McCarthy, Safrath & Carbone, P.C.*, 31 AD3d 725, 726 [2006]; *Attinello v DeFilippis*, 22 AD3d 514, 515 [2005]; *Tannenbaum v Tenenbaum*, 8 AD3d 360 [2004]; *Lanzello v Lakritz*, 287 AD2d 601 [2001]; *Bostrom v William Penn Life Ins. Co. of N.Y.*, 285 AD2d 482, 483 [2001]; *Tsachalis v City of Mount Vernon*, 262 AD2d 399, 401 [1999]; *Mikinberg v Bronsther*, 256 AD2d 501, 502 [1998]; *Matter of Validation Review Assoc. [Berkun-Schimel]*, 237 AD2d at 615; *Wurtzel v Wurtzel*, 227 AD2d 548, 549 [1996]), while many of our most recent cases have avoided the "special circumstances" rubric (*see e.g. Cespedes v Kraja*, 70 AD3d 622 [2010]; *Step-Murphy, LLC v B&B Bros. Real Estate Corp.*, 60 AD3d 841, 843-844 [2009]; *Tenore v Tenore*, 45 AD3d 571, 571-572 [2007]; *Smith v Moore*, 31 AD3d 628, 629 [2006]; *Matter of Lutz v Goldstone*, 31 AD3d 449, 450-451 [2006]; *Thorson v New York City Tr. Auth.*, 305 AD2d 666 [2003]). In light of its elimination from CPLR 3101 (a) (4), we disapprove further application of the "special circumstances" standard in our cases, except with respect to the limited area in which it remains in the statutory language, i.e., with regard to certain discovery from expert witnesses (*see* CPLR 3101 [d] [1] [iii]). On a motion to quash a subpoena duces tecum or for a protective order, in assessing whether the circumstances or reasons for a particular demand warrant discovery from a nonparty, those circumstances and reasons need not be shown to be "special circumstances."

Whether or not our cases have applied the "special circumstances" standard, however, they contain underlying considerations which the courts may appropriately weigh in determining whether discovery from a nonparty is warranted. We look, then, to the reasoning in our cases to find guidance with respect to the circumstances and reasons which we have considered relevant to the inquiry with respect to discovery from a nonparty. Since *Dioguardi*, this Court has deemed a party's inability to obtain the requested disclosure from his or her adversary or from independent sources to be a significant factor in determining the propriety of discovery from a nonparty. A motion to quash is, thus, properly granted where the party issuing the

subpoena has failed to show that the disclosure sought cannot be obtained from sources other than the nonparty (*see Moran v McCarthy, Safrath & Carbone, P.C.*, 31 AD3d at 726; *Tannenbaum v Tenenbaum*, 8 AD3d at 360; *Lanzello v Lakritz*, 287 AD2d at 601; *Tsachalis v City of Mount Vernon*, 262 AD2d at 401; *Matter of Validation Review Assoc. [Berkun-Schimel]*, 237 AD2d at 615), and properly denied when the party has shown that the evidence cannot be obtained from other sources (*see Cespedes v Kraja*, 70 AD3d at 722; *Tenore v Tenore*, 45 AD3d at 571-572; *Thorson v New York City Tr. Auth.*, 305 AD2d at 666; *Bostrom v William Penn Life Ins. Co. of N.Y.*, 285 AD2d at 483). Our cases have not exclusively relied on this consideration, however, and have weighed other circumstances which may be relevant in the context of the particular case in determining whether discovery from a nonparty is warranted (*see Abbadessa v Sprint*, 291 AD2d 363 [2002] [conflict in statements between the plaintiff and nonparty witness]; *Mikinberg v Bronsther*, 256 AD2d at 502 [unexplained discontinuance of the action against the witness, formerly a party]; *Patterson v St. Francis Ctr. at Knolls*, 249 AD2d 457 [1998] [previous inconsistencies in the nonparty's statements]).

We decline, here, to set forth a comprehensive list of circumstances or reasons which would be deemed sufficient to warrant discovery from a nonparty in every case. Circumstances necessarily vary from case to case. The supervision of discovery, the setting of reasonable terms and conditions for disclosure, and the determination of whether a particular discovery demand is appropriate, are all matters within the sound discretion of the trial court, which must balance competing interests (*see Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954 [1998]; *Wander v St. John's Univ.*, 67 AD3d 904, 905 [2009]; *Downing v Moskovits*, 58 AD3d 671 [2009]; *Young v Tierney*, 271 AD2d 603 [2000]). On appeal, this Court has the authority to review a discovery order to determine whether the trial court has abused its discretion as a matter of law, or in the absence of abuse, has exercised its discretion improvidently (*see Brady v Ottaway Newspapers*, 63 NY2d 1031, 1032 [1984]; *Wander v St. John's Univ.*, 67 AD3d at 905). The particular circumstances of each case must always weigh in the trial court's consideration of a discovery request and in our review of the trial court's exercise of its discretion.

We emphasize, however, that our cases have consistently adhered to the principle that "[m]ore than mere relevance and

materiality is necessary to warrant disclosure from a nonparty" (*Dioguardi v St. John's Riverside Hosp.*, 144 AD2d at 334-335; *accord Tannenbaum v Tenenbaum*, 8 AD3d at 360; *Lanzello v Lakritz*, 287 AD2d at 601). The Third Department agrees with this principle (*see Fraser v Park Newspapers of St. Lawrence*, 257 AD2d 961, 962 [1999]). Although the First Department in *Velez* apparently deemed a showing of "need" and relevance sufficient to authorize discovery from a nonparty (*Velez v Hunts Point Multi-Serv. Ctr., Inc.*, 29 AD3d at 111), our reading of CPLR 3101 includes the concepts of need and relevance within the threshold "material and necessary" standard which all discovery must preliminarily meet. The Legislature would not have included a separate subsection of the statute for nonparties if discovery from parties and nonparties were subject to identical considerations. Inclusion of the language "circumstances or reasons such disclosure is sought or required" from a nonparty (CPLR 3101 [a] [4]) indicates that something more than mere relevance is required if the discovery request is challenged (*see* Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:19). As a matter of policy, nonparties ordinarily should not be burdened with responding to subpoenas for lawsuits in which they have no stake or interest unless the particular circumstances of the case require their involvement.

Applying these principles to the case at hand, we find that the defendant proffered circumstances and reasons in her notice on the face of each subpoena which amounted to no more than a statement that the information would be relevant and material and necessary to the prosecution or defense of the action. In opposition to the plaintiff's motion to quash, the defendant failed to add to this showing, arguing only generally that neither the plaintiff nor the nonparty financial institutions had affirmatively shown prejudice or inconvenience. This proffer was insufficient in the context of this case. The defendant sought discovery from the nonparties prior to expiration of the plaintiff's time to respond to her discovery demands. The defendant concedes that she has since received the plaintiff's voluminous response to her demands, consisting of approximately 27,000 pages of documents. The defendant should have reviewed the material received from the plaintiff to ascertain whether the information sought from the various nonparties was supplied by the plaintiff in his discovery responses. Had that procedure been followed, it may have obviated the need for,

or significantly narrowed and focused, the subpoenas served on the nonparties.

Accordingly, as the defendant did not make a sufficient showing of the circumstances and reasons discovery from the nonparties was warranted, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to quash the subpoenas served on American Express and Principal Trust Company, formerly known as Delaware Charter Guarantee & Trust Company.

### The Defendant's Remaining Contentions

■ The defendant further contends that the Supreme Court erred in denying that branch of her cross motion which was for a pendente lite order directing the plaintiff to pay her one half of the proceeds from his rental of the parties' vacation home in July 2008. This request was properly denied at this stage of the proceedings because the defendant failed to show that such payment was necessary for her temporary support (cf. *Bogannam v Bogannam*, 20 AD3d 442 [2005]). The defendant's contention that the plaintiff improperly rented the property, which they hold as tenants in common, without her consent, and retained the full amount of the rental proceeds for his own use and benefit is more properly addressed in the final judgment of divorce after consideration of the relevant statutory factors (*see* Domestic Relations Law § 236 [B] [5] [a], [d]).

■ We find merit, however, in that branch of the defendant's cross motion which was for an award of an interim counsel fee. Given the significant disparity in the parties' financial circumstances, the Supreme Court should have granted the defendant's request to the extent indicated herein (*see Mueller v Mueller*, 61 AD3d 652, 654 [2009]; *Prichep v Prichep*, 52 AD3d 61, 65-66 [2008]). Accordingly, we direct the plaintiff to pay the defendant an interim counsel fee in the sum of $100,000, without prejudice to any future application by the defendant for additional counsel fees (*see Penavic v Penavic*, 60 AD3d 1026, 1028-1029 [2009]).

We decline the plaintiff's request that we impose sanctions on the defendant based on the portions of her appeal that are academic.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, the appeal from so much of the order as denied that branch of the defendant's cross motion which was pursu-

20

ant to CPLR 3124 to compel the plaintiff to comply with discovery demands and as granted that branch of the plaintiff's motion which was to quash subpoenas duces tecum served by the defendant on nonparties First Republic Bank, Smith Barney/ Citigroup Global Markets, Inc., and Citicorp Credit Services, Inc., is dismissed as academic, and the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendant's cross motion which was for an award of an interim counsel fee, and substituting therefor a provision granting that branch of the defendant's cross motion to the extent of awarding her an interim counsel fee in the sum of $100,000, and otherwise denying that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed.

FLORIO, J.P., CHAMBERS and LOTT, JJ., concur.

Ordered that the appeal from so much of the order as denied that branch of the defendant's cross motion which was pursuant to CPLR 3124 to compel the plaintiff to comply with discovery demands and as granted that branch of the plaintiff's motion which was to quash subpoenas duces tecum served by the defendant on nonparties First Republic Bank, Smith Barney/ Citigroup Global Markets, Inc., and Citicorp Credit Services, Inc., is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendant's cross motion which was for an award of an interim counsel fee, and substituting therefor a provision granting that branch of the defendant's cross motion to the extent of awarding the defendant an interim counsel fee in the sum of $100,000, and otherwise denying that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.