JOANNE CONTE, Appellant, v COUNTY OF NASSAU et al., Respondents, et al., Defendants. [929 NYS2d 741]—

The Supreme Court properly granted that branch of the cross motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it. The County demonstrated, prima facie, that the subject sidewalk and catch basin were installed and maintained by the defendant City of Glen Cove and not the County, and, in opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). As such, the Supreme Court properly denied, as academic, the plaintiff's motion for a further deposition of the County.

While CPLR 3101 (a) provides for full disclosure of all evidence material and necessary to the prosecution or defense of an action, unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion (*see Constantino v Dock's Clam Bar & Pasta House*, 60 AD3d 612 [2009]; *Youngquist v Youngquist*, 44 AD3d 1034, 1035 [2007]; *Auerbach v Klein*, 30 AD3d 451, 452 [2006]; *Silcox v City of New York*, 233 AD2d 494 [1996]; *NBT Bancorp v Fleet/ Norstar Fin. Group*, 192 AD2d 1032, 1033 [1993]). Here, the Supreme Court providently exercised it discretion in quashing the nonparty subpoenas, as the plaintiff's overly broad discovery requests were neither material nor necessary to the prosecution of the action (*see Young v Baker*, 21 AD3d 550, 550-551 [2005]; *White Bay Enters. v Newsday, Inc.*, 288 AD2d 211, 212 [2001]; *Myrie v Shelley*, 237 AD2d 337, 339 [1997]; *Ayubo v Eastman Kodak Co.*, 158 AD2d 641, 642 [1990]). Additionally, the plaintiff failed to show that the disclosure sought could not be obtained from sources other than from the nonparties (*see Kooper v Kooper*, 74 AD3d 6, 16-17 [2010]; *Moran v McCarthy, Safrath & Carbone, P.C.*, 31 AD3d 725, 726 [2006]; *Tannenbaum v Tenenbaum*, 8 AD3d 360 [2004]; *Lanzello v Lakritz*, 287 AD2d 601 [2001]; *Tsachalis v City of Mount Vernon*, 262 AD2d 399, 401 [1999]; *Matter of Validation Review Assoc. [Berkun—Schimel]*, 237 AD2d 614, 615 [1997]). Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.