■ Atsushi Yoshida, Plaintiff, v Hsueh-Chih Chin, Appellant, and Nihon Medical Group, P.C., Respondent. James Tachibana et al., Nonparty Respondents. [974 NYS2d 580]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Hsueh-Chih Chin appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated May 15, 2012, as denied those branches of his motion which were to compel a further deposition of the nonparty James Tachibana and the disclosure of certain documents pursuant to CPLR 3124, and granted those

branches of the cross motion of the defendant Nihon Medical Group, P.C., and the nonparties NIM Management Corp., James Tachibana, and James Hideyo Chow which were for a protective order precluding a further deposition of the nonparty James Tachibana and the disclosure of certain documents.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the motion of the defendant Hsueh-Chih Chin which was to compel a further deposition of the nonparty James Tachibana and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the motion of the defendant Hsueh-Chih Chin which was to compel the defendant Nihon Medical Group, P.C., to disclose certain documents pursuant to CPLR 3124 and substituting therefor a provision granting that branch of the motion, (3) by deleting the provision thereof granting that branch of the cross motion of the defendant Nihon Medical Group, P.C., and the nonparties NIM Management Corp., James Tachibana, and James Hideyo Chow which was for a protective order precluding a further deposition of the nonparty James Tachibana and substituting therefor a provision denying that branch of the cross motion, and (4) by deleting the provision thereof granting that branch of the cross motion of the defendant Nihon Medical Group, P.C., and the nonparties NIM Management Corp., James Tachibana, and James Hideyo Chow which was for a protective order precluding the disclosure of certain documents by the defendant Nihon Medical Group, P.C., and substituting therefore a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellant payable by the defendant Nihon Medical Group, P.C., and the nonparties NIM Management Corp., James Tachibana, and James Hideyo Chow.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." The phrase "material and necessary" is "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968] [internal quotation marks omitted]; *see Tower Ins. Co. of N.Y. v Murello*, 68 AD3d 977 [2009]). The Court of Appeals' interpretation of "material and necessary" in *Allen* has been understood "to mean nothing more or less than

'relevant' '' (Patrick M. Connors, Practice Commentaries, Mc-Kinney's Cons Laws of NY, Book 7B, CPLR C3101:5, quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d at 407). However, "unlimited disclosure is not mandated, and the rules provide that the court may issue a protective order 'denying, limiting, conditioning or regulating the use of any disclosure device' to 'prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts' '' (*County of Suffolk v Long Is. Power Auth.*, 100 AD3d 944, 946 [2012], quoting CPLR 3103 [a]; *see Accent Collections, Inc. v Cappelli Enters., Inc.*, 84 AD3d 1283 [2011]).

The Supreme Court improvidently exercised its discretion in denying that branch of the appellant's motion which was to compel a further deposition of the nonparty James Tachibana, and in granting that branch of the cross motion which was for a protective order precluding said further deposition. Counsel for Tachibana acted improperly at Tachibana's deposition by directing Tachibana on numerous occasions not to answer certain questions. The questions at issue were designed to elicit information which was material and necessary to the appellant's defense of this action (*see* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d at 406-407), and the directions not to answer them were not otherwise authorized by 22 NYCRR 221.2.

The Supreme Court also improvidently exercised its discretion in denying that branch of the appellant's motion which was to compel the defendant Nihon Medical Group, P.C. (hereinafter Nihon), to disclose certain documents, and in granting that branch of the cross motion which was for a protective order precluding the disclosure of those documents by that defendant. The appellant demonstrated that those documents were material and necessary to his defense of this action. In opposition, Nihon failed to demonstrate that a protective order was necessary (*see* CPLR 3103 [a]).

The Supreme Court properly denied that branch of the appellant's motion which was to compel Tachibana and the nonparties NIM Management Corp. and James Hideyo Chow to disclose certain documents, and properly granted that branch of the cross motion which was for a protective order precluding such disclosure. The appellant's contentions regarding his right to said discovery are without merit, as he failed to make any showing that the requested information is not available from other sources (*see Cotton v Cotton*, 91 AD3d 697 [2012]; *Kooper v Kooper*, 74 AD3d 6, 16 [2010]; *Reich v Reich*, 36 AD3d 506, 507 [2007]), or that the nonparties were merely alter egos of Nihon (*see Matter of Goldman v Chapman*, 44 AD3d 938 [2007]). Austin, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.