OPINION OF THE COURT
Randy Sue Marber, J.
The fourth-party defendant Nead Electric’s motion seeking an order pursuant to 22 NYCRR 202.21 (d) vacating the plaintiffs note of issue and certificate of readiness for trial and compelling the plaintiff to comply with its notice for discovery and inspection and compelling the plaintiff to submit to a vocational rehabilitation examination pursuant to CPLR 3101 (d) (1) (iii) and 3124 is determined as provided herein.
The plaintiffs, Michael Grady and Judith Grady, commenced this action by filing a summons and verified complaint in the Office of the Nassau County Clerk on November 10, 2010. By order of the court (Woodard, J.) dated March 26, 2012, this action and a related action entitled Grady v Cleary Gottlieb Steen & Hamilton LLP (Sup Ct, Nassau County, index No. 015010/ 2011) were joined for trial.
*1016 Thereafter, a certification conference was held in both matters on March 24, 2014 before Justice Woodard and a certification order was issued on that date bearing the index number of this action. A note of issue in this action was filed on June 11, 2014. A note of issue was filed in the action under index No. 015010/2011 on August 21, 2014. Upon Justice Woodard’s term having expired, this action was reassigned to this court on or about January 23, 2015.
In this action, the plaintiff seeks damages from the defendants for personal injuries he alleges he sustained in a work related accident which occurred on March 5, 2009. The plaintiff was an electrician. While working on a project renovating office space on the second floor of 83 Maiden Lane in Manhattan, the plaintiff claims he was caused to fall from a ladder.
Nead’s counsel asserts in his affirmation supporting the motion that the plaintiff served an expert exchange, dated November 16, 2015, designating two economists and claiming economic losses totaling $1.5 million. As a result of receiving the plaintiff’s expert exchange, on December 3, 2015, Nead’s counsel then served a notice to conduct a physical/vocational rehabilitation examination of the plaintiff. Additionally, on December 29, 2015, Nead’s counsel served a notice of discovery and inspection seeking documents and authorizations to obtain materials relied upon by the plaintiff’s experts. Specifically, Nead’s counsel states that upon the plaintiff’s recent service of an expert disclosure pursuant to CPLR 3101 (d), in order for its own experts to complete an analysis of the plaintiff’s expert economist’s opinions and properly cross-examine them at trial, they need to review and analyze the materials relied upon by the plaintiff’s experts. Further, Nead’s counsel avers that the request to conduct a physical examination of the plaintiff by a vocational rehabilitation expert was necessitated by the plaintiff claiming in the expert exchange that he is permanently disabled from working and is claiming economic losses totaling $1.5 million. Thus, Nead’s counsel argues the action is not ready for trial and the note of issue and certificate of readiness for trial should be vacated.
Counsel for the defendant/third-party plaintiff, AHRC NYC New Projects, Inc., submits papers in support of Nead’s order to show cause adopting its contentions.
In opposition to the motion, the plaintiff’s counsel argues that Nead’s counsel, 20 months after the filing of the note of issue, simply has changed his mind about acquiring discovery *1017 that Nead could have obtained previously. The plaintiff’s counsel states that the plaintiff did not, for the first time, make loss (sic) wages claims upon service of the expert disclosure. He avers that the plaintiff’s loss (sic) wages claim, as well as the plaintiff’s full disability claim, has been a part of the case and the pleadings and has been known to Nead since the workers’ compensation claim was filed. As such, the plaintiff’s counsel argues that the request for further discovery, including a further examination by a vocational rehabilitation expert, almost two years after the note of issue was filed, is untimely. The plaintiff’s counsel also argues that Nead has waived its right to a vocational rehabilitation examination by failing to conduct one within the time prescribed for conducting discovery and by failing to establish that an unanticipated event has occurred in this matter.
The plaintiff’s counsel further opposes the motion arguing that granting the request would be extremely prejudicial to the plaintiff. He argues that the granting of Nead’s request for an examination by a vocational rehabilitation expert will necessitate the plaintiff obtaining his own vocational rehabilitation expert, which will further delay this matter and the plaintiff would incur additional expenses. The plaintiff’s counsel also argues that since Nead’s orthopedic expert concluded that the plaintiff is not disabled and has failed to show why the information obtained from the prior examination is not adequate, there is no need for a vocational rehabilitation examination.
In opposition to Nead’s request for documents and authorizations to obtain the materials relied upon by the plaintiff’s economic experts, the plaintiff’s counsel argues that Nead should have subpoenaed the materials from the experts directly. The plaintiff’s counsel cites Kooper v Kooper (74 AD3d 6 [2d Dept 2010]) as authority for the standard and seminal law pertaining to discovery from an expert witness. Relying on Kooper, the plaintiff’s counsel avers that “Nead must prove ‘special circumstances’ exist for the production of any materials relied upon by plaintiff’s expert.” (See affirmation of Jay J. Massaro, Esq., Feb. 9, 2016, ¶ 51.)
The plaintiff’s counsel further relies on Giordano v New Rochelle Mun. Hous. Auth. (84 AD3d 729 [2d Dept 2011]) to support his argument that since Nead has failed to establish a substantial need for the materials and that it could not obtain the demanded materials without undue hardship, it should not be allowed the discovery now.
*1018 In his reply affirmation, counsel for Nead questions why the plaintiff waited so long to serve his economist’s expert disclosure if he knew in 2011 that he would need an economist to prove his case. He suggests that the plaintiff did so in order to “ambush” the defendants at trial and to place the defendants at a severe disadvantage. Nead’s counsel relies on CPLR 3101 (d) (1) (i) to support his premise that the demanded discovery is appropriate. He also argues that it is not a prerequisite for the plaintiff to have first retained a vocational rehabilitation expert for the defendant to be permitted to examine and evaluate the plaintiff by such an expert.
CPLR 3101 (d) (1) (i) provides:
“(d) Trial preparation. 1. Experts, (i) Upon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert’s opinion. However, where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert’s testimony at the trial solely on grounds of noncompliance with this paragraph. In that instance, upon motion of any party, made before or at trial, or on its own initiative, the court may make whatever order may be just.”
22 NYCRR 202.21 (d) provides as follows:
“Where unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice, the court, upon motion supported by affidavit, may grant permission to conduct such necessary proceedings.”
Nead moved to vacate the note of issue and certificate of readiness for trial more than 20 days from the date it was filed. Nead is, therefore, required to demonstrate that additional discovery is necessary because unusual or unanticipated circumstances have developed subsequent to the filing of *1019 the note of issue. (See Audiovox Corp. v Benyamini, 265 AD2d 135 [2d Dept 2000].) Nead has satisfied this criteria and has demonstrated that unusual or unanticipated circumstances have developed subsequent to the filing of the note of issue. Specifically, the service of the late expert disclosure by the plaintiff on the eve of trial, for the first time quantifying the damages associated with the future loss of earnings claim, satisfies the court that unusual or unanticipated circumstances have developed subsequent to the filing of the note of issue. (See Karakostas v Avis Rent A Car Sys., 306 AD2d 381 [2d Dept 2003].)
The court rejects the plaintiff’s counsel’s contention that further discovery is not warranted because the plaintiff’s bill of particulars claimed loss of income and thus the defendant should have anticipated the plaintiff would serve an economist’s expert disclosure at some point. If the plaintiff is allowed to claim this additional element of his damages at trial without affording the defendants the opportunity to conduct further discovery, it could significantly prejudice the defendants. As such, Nead is entitled to conduct a further examination of the plaintiff. There is no evidence that an examination by a vocational rehabilitation expert will be invasive, physically deleterious, uncomfortable, or inconvenient for the plaintiff. As such, this court finds there is no special burden to be borne by the plaintiff in having to be examined by a vocational rehabilitation expert designated by Nead. The plaintiff’s desire to or not to retain its own vocational rehabilitation expert is solely at his discretion, regardless of whether a defendant chooses to engage one. In addition, Nead has established that the plaintiff’s past accident history may indeed be relevant in determining the extent any loss of earnings may be attributable to the occurrence which is the subject of this action. Without the ability to testify based upon an examination of the plaintiff, any such testimony a vocational rehabilitation expert may offer would be speculative, not having been based on specific findings. Lastly, the fact that the plaintiff has not retained a vocational rehabilitation expert to establish his damages does not limit Nead from seeking such demand. (See Smith v Manning, 277 AD2d 1004 [4th Dept 2000].)
The plaintiff’s reliance on Kooper v Kooper is misplaced. This is due in large measure to the fact that Kooper was abrogated by the Court of Appeals in Matter of Kapon v Koch (23 NY3d 32 [2014]) and in addition to the fact that Nead’s notice for *1020 discovery and inspection demanded discovery from the plaintiff and not a third party. In Kapon, the Court ruled that in keeping with New York’s policy of liberal discovery, what is “material and necessary” as used in CPLR 3101 must “be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity.” (Id. at 38.) The Court further ruled that CPLR 3101 (a) (4) imposes no requirement that the subpoenaing party demonstrate that it cannot obtain the requested disclosure from any other source. All that is academic since Nead is not asking the expert to disclose its raw data, but rather is asking the plaintiff to disclose the documents that the plaintiff’s economic expert based their economic loss projections on. This information is readily available to the plaintiff and can be supplied to Nead without any undue hardship. Likewise, providing W-2s, 1099s, union records, summary plan descriptions, collective bargaining agreements and authorizations to obtain union records are not unduly burdensome or inappropriate considering the late date the plaintiff served his expert disclosure.
Accordingly, it is hereby ordered, that the defendant’s motion seeking an order vacating the note of issue and certificate of readiness for trial is granted; and it is further ordered, that the stay as contained in the order to show cause signed on January 26, 2016, pertaining to both action No. 1 and action No. 2, is vacated; and it is further ordered, that the plaintiff respond to Nead’s notice of discovery and inspection dated December 29, 2015 within 30 days of the date a copy of this order is served upon the plaintiff’s counsel; and it is further ordered, that the plaintiff shall be produced for an examination by a vocational rehabilitation expert designated by Nead within 60 days of the date a copy of this order is served upon the plaintiff’s counsel.