■ Euroway Contracting Corp., Respondent, v Mastermind Estate Development Corp. et al., Appellants. [872 NYS2d 123]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered on or about June 10, 2008, which, in an action seeking

monies allegedly owed for labor and materials in connection with certain construction projects, granted plaintiff's motion pursuant to CPLR 203 (f) to amend the complaint to include as defendants parties who either currently own properties subject to this action or to whom the properties were transferred, unanimously affirmed, without costs.

Plaintiff satisfied the three prongs of the relation back doctrine (see Buran v Coupal, 87 NY2d 173, 178 [1995]). The court properly concluded that the corporate defendants sought to be added were united in interest with defendant Perez, as he was sole owner, shareholder, principal or agent of each proposed corporate defendant and he acted on their behalf with respect to day-to-day activities. The proposed corporate defendants could thus be charged with notice of the institution of the action and there would be no prejudice, since Perez should have known that, but for the mistake, the action would have been brought against all corporate defendants (id. at 179-181).

We have considered defendants' remaining arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Nardelli, Sweeny and DeGrasse, JJ.