■ GERARD A. CONNOLLY, Respondent, v NAPOLI, KAISER & BERN, LLP, et al., Appellants, et al., Defendant. [917 NYS2d 175]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 24, 2009, which, insofar as appealed from, granted plaintiff's motion to add Napoli, Kaiser, Bern & Associates, LLP (NKBA) as a party to the action, unanimously affirmed, with costs. Order, same court and Justice, entered August 4, 2009, which, insofar as appealed from, granted plaintiff's motion to quash a deposition subpoena except to the extent it seeks employment records, unanimously affirmed, with costs.

The record demonstrates that NKBA and Napoli, Kaiser & Bern, LLP (NKB) not only bear virtually identical names, but also share an address, and that, while apparently plaintiff began working for NKB in 2000 pursuant to an oral contract, in 2001, he entered into a written employment agreement with NKBA. It is thus clear that NKBA is united in interest with the origi-

nal defendants and by reason thereof can be charged with notice of the commencement of the action. Given that plaintiff's claims are based on the alleged breach of the agreement with NKBA, NKBA knew or should have known that, but for a mistake as to the identity of the proper parties, plaintiff would have brought the action against it as well (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Euroway Contr. Corp. v Mastermind Estate Dev. Corp.*, 59 AD3d 157 [2009]).

In light of the fact that the employment records the court ordered produced will almost certainly provide the information that defendants seek, the subpoena ad testificandum served on the nonparty witness was properly quashed (*see Kooper v Kooper*, 74 AD3d 6, 16-17 [2010]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 31647(U).]**