■ In the Matter of JOHN KAPON et al., Appellants, v WILLIAM I. KOCH, Respondent. [963 NYS2d 578]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered October 18, 2012, which denied the petition to quash out-of-state subpoenas served on petitioners or, in the alternative, for a protective order, and dismissed the proceeding, unanimously affirmed, without costs.

A heightened standard of review does not apply to applications brought pursuant to CPLR 3119 (e) for a protective order or to quash an out-of-state subpoena. Rather, the statute

expressly states that the standards that are generally applicable to depositions set forth in CPLR article 31 are also applicable to out-of-state subpoenas issued under CPLR 3119 (b) (see CPLR 3119 [d]). Accordingly, so long as the information sought is "material and necessary" to the prosecution or defense of an action, it shall be disclosed (CPLR 3101 [a]). Here, the court providently exercised its discretion in denying petitioners' motion, since petitioners failed to show that the requested deposition testimony is irrelevant to the prosecution of the California action (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-408 [1968]; Ledonne v Orsid Realty Corp., 83 AD3d 598 [1st Dept 2011]). Further, petitioners failed to articulate a sufficient, nonspeculative basis for postponing their depositions or imposing restrictions on the scope and use of their deposition testimony.

We have considered petitioners' remaining contentions and find them unavailing. Concur—Tom, J.P., Román, Feinman and Clark, JJ.