OPINION OF THE COURT
Francesca E. Connolly, J.
Factual Background/Procedural History
The parties are engaged in a protracted breach of contract/ fraud action pending before the Honorable Robert J. Brennan, J.S.C., of the New Jersey Superior Court. Respondent, Precision Machining and Stamping Inc., doing business as Sector Tool and Mfg., manufactured component parts for Aereo International, Inc. to use in its manufacture of various products including commercial boilers, hot water heaters, and water source heating products. Precision commenced suit against Aereo in New Jersey Superior Court claiming breach of contract, fraudulent inducement, and various other causes of action.
In furtherance of discovery in that action, Precision served nearly identical nonparty subpoenas duces tecum and ad testificandum on two of Aereo’s sales representatives, G.A. Fleet Associates, Inc., located in Harrison, New York, and Thermco, located in New Jersey. Both G.A. Fleet and Thermco are non-parties to the New Jersey litigation. Precision used the procedures set forth in newly enacted CPLR 3119, the Uniform Interstate Depositions and Discovery Act, to serve G.A. Fleet in New York. Aereo filed a motion to quash the Thermco subpoena in the Superior Court of New Jersey before Judge Brennan and filed this substantially similar motion regarding the G.A. Fleet subpoena served in New York.
*573 Aereo now petitions this court to defer consideration of the petition until Judge Brennan of the New Jersey Superior Court rules on the pending motion to quash the identical subpoena issued to Thermco. Aereo argues that the New Jersey court will be considering and determining the propriety of the identical subpoena, including the relevance of the information sought and issues related to the alleged confidential, proprietary nature of the information sought. Aereo submits that in the interests of judicial economy and to avoid the possibility of inconsistent rulings on identical subpoenas, this court should allow the New Jersey court, which is most familiar with the claims and defenses in the underlying litigation pending before it, to issue its decision before this court decides this petition.
Aereo further submits that if this court considers the petition relating to the subpoena issued to G.A. Fleet before a decision is rendered in the New Jersey action, the subpoena should be quashed or vacated, and a protective order should be issued, as the subpoena is facially invalid, seeks irrelevant information, and is overly burdensome and oppressive. Aereo also submits that the information sought in the subpoena is obtainable from Aereo, and involves confidential trade secrets and proprietary business information.
Precision opposes the petition, alleging the material sought from G.A. Fleet is relevant to the parties’ claims against each other and is not obtainable from Aereo, nor is it confidential, and any alleged facial defect in the nonparty subpoena is remedied by Precision’s opposition to the motion to quash.
G.A. Fleet has not submitted any papers in support of, or in opposition to, the motion to quash.
While this application was sub judice, Judge Brennan issued an order dated March 13, 2013 denying the motion to quash the nearly identical subpoena issued to Thermco, and finding that the subpoena was not overly broad or unreasonably burdensome. He also found that Precision demonstrated the relevancy of the information sought with respect to the issues before the court in the litigation.
Legal Analysis/Discussion
Effective January 1, 2011, New York adopted the Uniform Interstate Depositions and Discovery Act, which is codified under CPLR 3119. “The purpose of the act is to allow for disclosure in New York State for use in an action pending in another United States jurisdiction without the need for a court order” (Patrick *574 M. Connors, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3119, 2013 Pocket Part at 84). While CPLR 3102 (e) was already in place to provide assistance in these circumstances, this provision required an application for a court order to obtain disclosure in New York. CPLR 3119 was enacted to allow “for an expedited procedure whereby an out-of-state subpoena issued by a court within the United States and its territories can be presented to a county clerk who can then issue a New York subpoena” (id. at 84-85; CPLR 3119 [b] [2]). For further convenience, under CPLR 3119 (b) (4), if a party to the out-of-state proceeding retains an attorney licensed in New York, and that attorney receives the original or a true copy of the out-of-state subpoena, the attorney may issue the subpoena in New York, consistent with CPLR 2302 (a).
Under the Uniform Act, “[d]iscovery authorized by the subpoena must comply with the rules of the state in which it occurs” (Hyatt v State of Cal. Franchise Tax Bd., 105 AD3d 186, 201 [2d Dept 2013]). “[M]otions to quash, enforce, or modify a subpoena issued pursuant to the Act shall be brought in and governed by the rules in the discovery state” (id.; CPLR 3119 [d], [e]).
Although the Uniform Act “requires minimal judicial oversight since there is no need to present the matter to a judge in the discovery state before a subpoena is issued,” CPLR 3119 expressly contemplates judicial review by providing a mechanism to move for relief against the subpoena under the rules or statutes of New York (Hyatt v State of Cal. Franchise Tax Bd., 105 AD3d at 200-201; CPLR 3119 [e]). However, in applying and constructing the Uniform Act, the court is directed to consider the need to promote uniformity of the law among states that have enacted the statute (CPLR 3119 [f]). “[W]hen a court of another state has already reviewed the subpoena,” New York courts should afford that determination the “widest possible latitude” (Hyatt v State of Cal. Franchise Tax Bd., 105 AD3d at 202).
Here, Precision’s New York counsel served the nonparty subpoena upon G.A. Fleet in New York in compliance with the Uniform Act. Precision served a nearly identical nonparty subpoena on Thermco in New Jersey. Petitioner, Aereo, moved to quash both subpoenas. While the motion was sub judice, Judge Brennan of the New Jersey Superior Court reviewed the nearly identical nonparty subpoena and issued an order dated March 13, 2013 denying the motion to quash upon finding that *575 the subpoena was not overly broad or unreasonably burdensome. Judge Brennan, who is the judge assigned to preside over the underlying matter, is fully familiar with the parties’ claims and defenses, having issued rulings on multiple discovery matters to date. His order of March 13, 2013 considered the propriety of a subpoena nearly identical to the subpoena at issue in this application. Since Judge Brennan is in a better position to determine the appropriate scope of disclosure and has already reviewed the subpoena, this court will afford his determination the widest possible latitude (id.).
This court also finds that the form and content of the subpoena sufficiently complies with existing New York statutes and rules. The Uniform Act “expressly states that the standards that are generally applicable to depositions set forth in CPLR article 31 are also applicable to out-of-state subpoenas issued under CPLR 3119 (b)” (Matter of Kapon v Koch, 105 AD3d 650, 651 [1st Dept 2013]). “[S]o long as the information sought is ‘material and necessary’ to the prosecution or defense of an action, it shall be disclosed” (id.).
The threshold requirement for discovery in New York civil actions, that the disclosure sought is “material and necessary in the prosecution or defense of an action,” applies to nonparties as well as parties, provided that the nonparty is given “notice stating the circumstances or reasons such disclosure is sought or required” (CPLR 3101 [a] [4]; see generally Kooper v Kooper, 74 AD3d 6 [2d Dept 2010]). “The phrase ‘material and necessary’ is ‘to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason’ ” (id. at 10).
The New Jersey Superior Court has already reviewed the subpoena and, in a well-reasoned decision, determined that the disclosure sought is sufficiently material and necessary. Affording that decision the widest possible latitude, this court adopts the reasoning of the New Jersey Superior Court and denies the motion to quash. Importantly, ruling in this way consistently with the New Jersey court furthers the legislative intent of the statute by promoting uniformity of the law among the states (see CPLR 3119 [f]).
In addition, the subpoena served on G.A. Fleet will not be vacated for failure to comply with the notice requirements of CPLR 3101 (a) (4). The statute directs the nonparty be given *576 notice stating the circumstances or reasons the disclosure is sought “to afford a nonparty who has no idea of the parties’ dispute or a party affected by such request an opportunity to decide how to respond” (Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 110 [1st Dept 2006]). The notice provision contained in the statute is for the benefit of the nonparty, to assist it in determining how to respond to the subpoena.
Here, Precision served the subpoena upon G.A. Fleet along with a cover letter with contact information for Precision’s counsel, a copy of the stipulated protective order entered into between the parties, and basic information about the litigation. While Aereo argues that the subpoena should be quashed as being facially defective with regard to the notice requirement, the nonparty, G.A. Fleet, has neither objected to the subpoena, nor joined in Aerco’s motion to quash. Precision could have, indeed, been more expansive in setting forth the circumstances or reasons the disclosure was sought from the nonparty. However, considering the specific notice provided here by Precision to the nonparty, and the fact that the nonparty has submitted no objection to the subpoena, the court finds Precision has sufficiently satisfied the notice requirements as required by CPLR 3101 (a) (4).
Nevertheless, Precision has cured any facial defect with regard to the notice requirement in its opposition to Aerco’s motion to quash. In Velez v Hunts Point Multi-Serv. Ctr., Inc., the First Department allowed a party issuing a subpoena to remedy the facial defect with regard to the notice requirement by submitting a showing of circumstances and reasons such disclosure was sought in opposition to a motion to quash (29 AD3d at 111). While the Second Department has not yet had the occasion to address the issue squarely, in Kooper, it has indicated that such a facial defect might be remedied in this way (Kooper v Kooper, 74 AD3d at 13-14; see generally Kaufman v Red Ground Corp., 170 AD2d 484, 485 [2d Dept 1991]).
Since the New Jersey Superior Court has determined the propriety of a nearly identical subpoena in the same action pending before it, and the subpoena sufficiently complies with existing New York statutes and rules, Aerco’s petition to quash or vacate the subpoena, and for a protective order is denied.
Based upon the foregoing, it is hereby ordered, that the petition to stay consideration of the petition until the New Jersey Superior Court issues an order on a pending motion to quash a nearly identical subpoena Precision served on nonparty Therm- *577 co is denied as moot; and it is further, ordered, that petitioner’s application to vacate the nonparty subpoena served on G.A. Fleet Associates, Inc., pursuant to CPLR 3101 (a) (4) is denied; and it is further ordered, that petitioner’s application to quash the nonparty subpoena served on G.A. Fleet Associates, Inc., pursuant to CPLR 2304 is denied; and it is further ordered, that petitioner’s application for a protective order pursuant to CPLR 3103 is denied.
All other relief requested and not decided herein is denied.