## Matter of Newsmax Media, Inc. v Catsimatidis

2025 NY Slip Op 30700(U)

March 3, 2025

Supreme Court, New York County

Docket Number: Index No. 153957/2024

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARIEL D. CHESLER**                    PART    **62M**
            *Justice*

------------------------------------------------------------------X

IN THE MATTER OF THE PETITION TO ENFORCE AND
COMPEL COMPLIANCE WITH NON-PARTY SUBPOENAS,

NEWSMAX MEDIA, INC.,

                                Petitioner,

            - against -

JOHN CATSIMATIDIS, RED APPLE MEDIA INC., and WABC
RADIO FOUNDATION INC.,

                                Respondents.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153957/2024 |
| MOTION DATE | 05/01/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
PETITION AND CROSS-MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37

were read on this motion to/for           SUBPOENA                        .

In this proceeding, petitioner Newsmax Media, Inc. ("petitioner") seeks to enforce the subpoenas duces tecum and testifcandum it served on respondents John Catsimatidis, Red Apple Media Inc. ("Red Apple Media"), and WABC Radio Foundation Inc. ("WABC") (collectively, "respondents") (NYSCEF Doc. No. 1). Respondents oppose the application and cross-move to quash the subpoenas. For the reasons below, the court denies the petition and grants the cross-motion.

Petitioner is the defendant in a defamation lawsuit that US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, "Dominion") commenced in 2021 in Delaware Superior Court ("the Delaware action") (*see* NYSCEF Doc. No. 2 [complaint in Dominion action]). The Delaware action claims that petitioner's coverage of the 2020 presidential election results "broadcast a series of verifiably false yet devastating lies," which

**153957/2024 NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**
**Motion No. 001**

Page 1 of 13

[* 1]

included allegations that Dominion fraudulently manipulated its voting machines in order to rig the election in President Joe Biden's favor (*see id.*, ¶ 3).

Mr. Catsimatidis owns Red Apple Media, which, in turn, owns WABC. According to the petition, WABC "broadcast essentially the same news stories, statements and content at issue in Dominion's lawsuits against Newsmax" and others, but Dominion did not bring a lawsuit against respondents (NYSCEF Doc. No. 1, ¶ 12). The petition notes that attorney Sidney Powell, who appeared on Mr. Catsimatidis' radio show, was also the subject of a defamation suit by Dominion. The petition also cites to an article in Business Insider, which states that, in anticipation of its lawsuits, Dominion asked social media outlets to preserve posts and other data from both Newsmax and Catsimatidis, among numerous others (NYSCEF Doc. No. 4). After Dominion settled its defamation lawsuit against Fox News, the petition continues, an interview with John Poulus, Dominion's founder and chief executive officer, appeared in the National Herald. Among other things, Poulus commented that Father Alexander Karloutsos was one of the first individuals to lend him support during the controversy. The petition also refers to Father Karloutsos as "Mr. Catsimatidis' mentor" (NYSCEF Doc. No. 1, ¶ 17).

On October 30, 2023, Newsmax served Red Apple Media and WABC with subpoenas duces tecum, and it served Mr. Catsimatidis with a subpoena duces tecum and a subpoena deuces testificandum (NYSCEF Doc. Nos. 6-8 [subpoenas], 9 [aff of service]). Although the action is in Delaware, petitioner has proceeded in New York pursuant to CPLR § 3119, New York's codification of the Uniform Interstate Depositions and Discovery Act, which provides a mechanism for conducting disclosure in New York that is related to an out-of-state action.

The Red Apple subpoena sought

> "All Documents and Communications from October 1,2020,
> through the present, including but not limited to communications

**153957/2024  NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**                    Page 2 of 13
**Motion No.  001**

2 of 13

> between You and Dominion or between You and another Person, concerning Dominion or allegations of misconduct in connection with voting machines used in the 2020 Presidential Election" (NYSCEF Doc. No. 6, *9 [Document Request No. 1]).

The WABC subpoena sought identical information, in addition to "[f]ull transcripts and tapings of each of Your programs that appeared on air between 6:00 AM to 12:00 AM each day for the period starting November 3, 2020 to January 6, 2021" (NYSCEF Doc. No. 7, *9 [Document Request No. 2]). The Catsimatidis subpoena contained a document request identical to Document Request No. 1 in the Red Apple and WABC subpoenas, and further commanded that Mr. Catsimatidis appear for a deposition on December 1, 2023 (NYSCEF Doc. No. 8, *2, *9). Respondents objected to the subpoenas in their entirety (*see* NYSCEF Doc. Nos. 10-12). This petition subsequently ensued. Respondents oppose the petition and cross-move for an order that either quashes the subpoenas under CPLR §§ 3119 (e) and 2304 or grants their application for a protective order under CPLR §§ 3103 (a) and (b) (NYSCEF Doc. No. 17).

Petitioner argues that the information is material and necessary to the federal litigation because, although respondents made identical allegations against Dominion, Dominion sued petitioner (*see* NYSCEF Doc. No. 2) but chose not to proceed against respondents. It argues that there is a "nexus" between respondents and "the issues in the Delaware Action" (NYSCEF Doc. No. 13, *5) and are relevant to the question of "whether the allegedly defamatory statements of the kind supposedly made by Newsmax damaged Dominion" (*id.*, *7). It notes that, according to Business Insider, Dominion's attorneys notified Facebook, YouTube, Twitter, and Parler that they should preserve posts by individuals including respondent Catsimatidis, among others (NYSCEF Doc. No. 4). Petitioner also references two National Herald articles, one indicating that Father Alexander Karloutsos was a mentor of respondent Catsimatidis (<u>Community Members Fill Chiotes Hall for John Catsimatidis' Book Signing Event - The National Herald</u>) and the other noting that

**153957/2024  NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**                    **Page 3 of 13**
Motion No.  001

3 of 13

Father Karloutsos had provided support to Dominion president John Poulos when the media attacks against Dominion occurred (NYSCEF Doc. No. 5). Petitioner suggests that these articles underscore the relevance of the material it seeks.

In opposition and in support of its cross-motion to quash, respondents note that in *US Dominon, Inc. v Fox News Network, LLC* (C.A. No. N21C-03-257 EMD, Judge Eric Davis, who presides over the underlying action here as well, found that information about other lawsuits Dominion did or did not commence was inadmissible at trial. Not only is the ruling relevant, respondents state, but it is consistent with their position that the material is not relevant. They argue that *Velez v Hunts Point Multi-Serv. Ctr., Inc.* (29 AD3d 104 [1st Dept 2006]), which petitioner cites, supports this argument because it specifies that subpoenas only "compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding" (*id.* at 112).

According to respondents, Newsmax specified the purpose of its search once, when it stated that it was interested in any settlement negotiations and was not interested in respondents' newsgathering materials, but neither in the subpoenas nor during the parties' discussions has it explained why or how these materials are relevant to the Delaware action. Respondents cite *Matter of Apex Fund Servs. (US), Inc. v Maffei* (183 AD3d 432, 433 [1st Dept 2020] ["*Apex Fund Servs.*"]), in which the First Department affirmed the trial court's decision to quash a CPLR § 3119 subpoena that sought "irrelevant" information relating to the petitioner's handling of unrelated investment funds. Here, respondents contend, Dominion's relationship with respondents is irrelevant to the merits of the Delaware action.

Respondents also state that the subpoenas petitioner served on them are "plainly overbroad and unduly burdensome" (NYSCEF Doc. No. 18, *6). Despite their conferences with petitioner,

**153957/2024 NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**
Motion No. 001

Page 4 of 13

4 of 13

moreover, respondents state that petitioner has not attempted to narrow the scope of its demands or provide more information about the specific information it seeks. Citing *Blittner v Berg & Dorf* (138 AD2d 439, 440-441 [2d Dept 1988]), respondents state that, rather than focusing more sharply on the issues, the discovery petitioner seeks would focus undue attention on collateral matters.

Next, respondents cite New York Civil Rights Law 79-h, also known as the Shield Law, which provides a qualified privilege for unpublished nonconfidential newsgathering materials (*see Matter of Gibson v Coburn*, 106 AD3d 424, 424 [1st Dept 2013]). Citing to cases such as *Matter of Holmes v Winter* (22 NY3d 300, 310 [2013], *cert denied* 572 US 1135 [2014]), they note that, together with the constitutional protections, the Shield Law "provides a mantle of protection for those who gather and report the news – and their confidential sources – that has been recognized as the strongest in the nation." They contend that the breadth of the subpoena potentially allows Newsmax "to rifle through [respondents'] files in search of evidence to support their cases or defenses" (NYSCEF Doc. No. 18, *3). According to respondents, petitioner cannot overcome the heavy burden of showing that it seeks information that is highly material and relevant as well as is critical and necessary to petitioner's defense in the Delaware action.

Further, respondents raise procedural challenges that petitioner anticipated. They claim that the boilerplate language in the subpoenas does not provide adequate notice of the reasons and circumstances justifying the discovery, and that petitioner incorrectly contends that the parties' conversations about the subpoenas relieved them of this statutory mandate. Further, they state that, even during their discussions, petitioner did not satisfactorily explain why it sought the materials.

**153957/2024  NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**
**Motion No.  001**

**Page 5 of 13**

5 of 13

[* 5]

In reply,[1] petitioner argues that the court must reject respondents' cross-motion to quash the demand to depose because it does not set forth a substantive reason to quash the deposition. Petitioner also states that respondents have not met their burden of showing that the discovery is "utterly irrelevant" or that the process would not uncover "anything legitimate" (NYSCEF Doc. No. 37, *7, quoting *Matter of Kapon v Koch*, 23 NY3d 32, 34 [2014] [*Kapon*]).

CONCLUSIONS OF LAW

Courts allow broad disclosure during the discovery process (*Kapon*, 23 NY3d at 38). CPLR § 3101 (a) states that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." Moreover, disclosure is permissible as to "any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*id.* at 38). Moreover, this standard applies "regardless of whether discovery is sought from another party . . . or a nonparty" (*Forman v Henkin*, 30 NY3d 656, 661 [2018]; *see* CPLR § 3101 [a] [4]). However, the party that seeks the discovery has the "threshold requirement" of showing "that the request is reasonably calculated to yield information that is 'material and necessary' – i.e., relevant . . ." to the underlying case (*Forman*, 30 NY3d at 661, quoting CPLR § 3101 [a] [4]). Where there is no review of objections by the State that issued the subpoena, CPLR 3119 empowers the New York Court to undertake judicial review, considering issues such as relevance (*see Hyatt v State Franchise Tax Bd.*, 105 AD3d 186 [2d Dept 2013]). The trial court has broad discretion to

---

[1] Without the need for further discussion, the court rejects petitioner's argument that respondents had no right to cross-move to quash the petition (*see, e.g., New York State Joint Commn. on Pub. Ethics v Campaign for One N.Y., Inc.*, 53 Misc 3d 983, 987 [Sup Ct, Albany County 2016] [citing *Myerson v Lentini Bros. Moving & Stor. Co.*, 33 NY2d 250, 256 [1973]).

**153957/2024  NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**
**Motion No.  001**

Page 6 of 13

[* 6]

6 of 13

determine whether the discovery is "material and necessary" (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]).

As stated, the Uniform Interstate Depositions and Discovery Act (CPLR § 3119) ("the Act") provides a streamlined mechanism for obtaining discovery in New York for out-of-state cases (*Kapon*, 23 NY3d at 35). Under the Act, "When a party submits an out-of-state subpoena to the county clerk, the clerk, in accordance with that court's procedure and subject to the provisions of article twenty-three of this chapter, shall promptly issue a subpoena for service upon the person to which the out-of-state subpoena is directed" (CPLR § 3119 [b] [2]). The New York subpoena must incorporate the terms of the out-of-state subpoena, and it must include or be accompanied by a list of the names, addresses, and telephone numbers of all attorneys of record and all unrepresented parties in the out-of-state action (CPLR § 3119 [b] [3]). Courts "favor[] disclosure so long as the party seeking it [meets] the low threshold of demonstrating a need for the disclosure in order to prepare for trial" (*Kapon*, 23 NY3d at 37).

The court notes that, in a separate subpoena, Newsmax sought discovery from Father Alexander Karloutsos, whose relationship to Dominion's president is described above. Father Karloutsos brought a petition for a protective order, and Newsmax cross-moved to compel compliance with the subpoena. As support for its cross-motion, Newsmax argued,

> "Newsmax has a fundamental right to discover what Dominion said about the alleged defamatory statements at the time as well as what Dominion was saying to other broadcasters and those broadcasters' respective agents, such as Petitioner. As such, a subpoena calling for documents and testimony regarding Petitioner's guidance to the CEO of Dominion about Dominion's defamation claims is clearly relevant to Newsmax's defenses, arguments, counterclaim, and trial preparation in the Delaware Action" (*Karloutsos v Newsmax* [*Karloutsos*], Index 162265/2023, NYSCEF Doc. 8, *8).

**153957/2024  NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**
**Motion No.  001**

Page 7 of 13

7 of 13

On August 9, 2024, the court (Hon. J. Machelle Sweeting) heard argument in *Karloutsos*. At argument, Justice Sweeting noted that Judge Eric Davis, who presides over the Delaware action, assigned Special Master John A. Elzufon to address discovery matters (*Karloutsos*, NYSCEF Doc. 45 [argument transcript], p 7 lines 3 - 18). Justice Sweeting ultimately granted the application to quash the subpoena, reasoning that

> "in order for this Court, meaning me, to make a, quote, 'detailed and informed decision,' using the words of Mr. Steinlight, I would need everything. . . . And as you've indicated, I have no facts concerning the Delaware matter. So to make a ruling as to whether or not what you're requesting should be produced or not produced, whether or not they're subject to a privilege and, therefore, a privilege log, should be produced, whether or not they're unduly burdensome. And I've heard your argument as to plaintiff not making a prima facie basis for that objection, but for all of the other objections, surely, this Court cannot be burdened with the responsibility of doing that, absent the entirety of the record for the matter that is pending.
> So this application is most appropriately made before either the Special Master or the Judge who is presiding actively over the matter, which includes discovery-related matters, so that they can make a determination as to whether or not the subpoenaed records are appropriate or not" (*id.* at p 8 line 17 – p 9 line 14).

Recently, Justice Sweeting denied Newsmax's motion to reargue this decision (see *Karloutsos*, NYSCEF Doc. 49).

The court rejects petitioner's argument in this proceeding as well, and grants the cross-motion to quash. For similar reasons as in *Karloutsos*, the subpoenas are more properly brought before the special master who is supervising the discovery in the Delaware action along with other defamation actions involving Dominion and Smartmatic. Judge Davis and Special Master Elzufon are familiar with the background of the Delaware action. Petitioner has not explained why it chose not to proceed in the Delaware action although a mechanism exists to handle such claims.

Further, Judge Davis presides over other Dominion and Smartmatic cases in which he has considered similar applications by Newsmax. For example, in the case at hand, Newsmax brought

**153957/2024  NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**
**Motion No.  001**

Page 8 of 13

8 of 13

[* 8]

a motion to compel Red Apple Group, Inc. ("Red Apple Group"), Red Apple's parent company, to comply with a subpoena before the Delaware court. That subpoena sought information relating to any settlement discussions or agreements between Red Apple Group and Dominion "concerning Dominion or allegations of misconduct in connection with voting machines used in the 2020 Presidential Election" (NYSCEF Doc. No. 29 [Newsmax Motion to Compel in Delaware Action], ¶ 1 [internal quotation marks and citation omitted]). In a lengthy series of texts, Newsmax and Red Apple Group set forth their positions regarding the discoverability of such information under both New York and Delaware law (NYSCEF Doc. No. 30). In his order dated May 21, 2024, Special Master Elzufon neither granted nor denied the motion, but instead granted Newsmax leave to re-present (NYSCEF Doc. No. 31). Although Red Apple Group and Red Apple may not have the same information available – indeed, Red Apple Group's counsel indicated that "it is the New York subsidiaries and Mr. Catsimatidis, a New York resident, who possess any relevant materials [concerning settlement discussions], if any exist at all" (*id.*, *1-2 [Settelmayer email dated Thursday, May 16, 2024 3:56 PM]) – the legal issues are the same. The determinations of the Delaware court are "entitled to full faith and credit without further inquiry" (*Suresh v Krishnamani*, 212 AD3d 514, 514 [1st Dept 2023] [court's denial of petition to quash subpoena was proper where the Pennsylvania matrimonial court had determined the material's relevance]). As this matter is pending, it is more prudent to allow the Delaware court to resolve this matter.

The Court is also persuaded by a decision in the defamation action, *Smartmatic USA Corp. v Newsmax Media* (2024 WL 3178149 [Sup Ct, Delaware, June 25, 2024] [*Smartmatic*]). In the motion, Newsmax sought to compel the production of all documents necessary to show the entirety of the settlement terms between One America New Network (OANN) and Smartmatic. As here, Newsmax argued that it had a right to determine the terms of the settlement, as it was critical to its

**153957/2024  NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**
**Motion No. 001**

Page 9 of 13

9 of 13

[* 9]

ability to litigate its case (*id.*, \*1). Cognizant of the need "to the extent possible, [to] protect the confidentiality of settlement agreements," the court denied the motion as premature (*id.*, \*2). It determined that, if Newsmax were found liable, details of the settlement might become relevant as to damages, but that "it is not relevant to determining whether Newsmax is in fact liable to Smartmatic" (*id.*). Here, too, the details of any settlement that might exist are irrelevant to the question of whether Newsmax defamed Dominion, although the Delaware court may determine the information is relevant on the issue of damages.[2]

As respondents note (*see* NYSCEF Doc. No. 18, \*11 n 4), Judge Davis also considered the relevance and admissibility of similar materials in *US Dominon, Inc. v Fox News Network, LLC* (C.A. No. N21C-03-257 EMD [*Karloutsos*, NYSCEF Doc. No. 43 (pretrial conference transcript excerpt)] [*Dominion v Fox*]). In the transcript excerpt that has been provided to the court, Judge Davis indicated that he did not see the relevance of information concerning Dominion's decision to sue some entities and not others. Petitioner stresses, in response, that rulings on the admissibility of the requested material is not dispositive because the standard for disclosure is much broader (*Gerardo v Breton*, 212 AD3d 461, 462 [1st Dept 2023]). Also, petitioner notes that it was not involved in *Dominion v Fox*, so it was not able to argue the matter in that case.

Petitioner is correct that the judge's ruling on admissibility does not control the issue of discoverability (*see Matter of Steam Pip Explosion at 41st St. & Lexington Ave.*, 127 AD3d 554, 555 [1st Dept 2015], *affd* 27 NY3d 985 [2016]). Instead, material "which may lead to the discovery

---

[2] The court notes that, according to respondents, there has been no settlement. Moreover, Petitioner raised the issue of settlement agreements in the Delaware action, and Red Apple has affirmed to the Delaware Court that neither Red Apple Group, Catsimatidis, nor any of its subsidiaries (including WABC Radio and Red Apple Media), entered into any agreement whatsoever with Dominion concerning its coverage of Dominion's voting machines used in the 2020 Presidential Election in the context of the pending Delaware motion to quash. (NYSCEF DOC 30 at 9).

**153957/2024  NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**
**Motion No.  001**

Page 10 of 13

of admissible proof is discoverable, as is any matter which bears upon a defense, even if the facts themselves are not admissible" (*Holloway v Orthodox Church in America*, 232 AD3d 773, 774 [2d Dept 2024] [internal quotation marks and citations omitted]). Here, however, Judge Davis's statements at the *Smartmatic* hearing suggested that the discovery Newsmax sought would not lead to admissible proof concerning liability (*see Parkinson v Fedex Corp.*, 184 AD3d 433, 434 [1st Dept 2020] [denying motion to compel where, among other things, the redacted material sought "would not have been admissible"]). Collectively, the Delaware rulings show that Judge Davis and Special Master Elzufon not only are familiar with the case at hand, but that they have ample experience considering issues like the ones currently before this court. Deferring to the Delaware courts, in this situation, complies with the requirement that the court "consider the need to promote uniformity of the law among states that have enacted the statute" (*Matter of Aerco Intl., Inc.* [*Precision Machining & Stamping Inc.*], 40 Misc 3d 571, 574 [Sup Ct, Westchester County 2013] [deferring to decision of another state that already reviewed the subject subpoena] [internal quotation marks and citation omitted]; *see Apex Fund Servs.*, 183 AD3d at 433 [noting in dicta that the New Jersey court had determined, among other things, that the requested information was irrelevant]).

Even if the Delaware rulings did not exist, this court would reach a similar conclusion. Petitioner has not satisfied its burden of "establishing the circumstances or reasons for the discovery on a nonparty's motion to quash" (*Kapon*, 23 NY3d at 36-37). Instead, the subpoenas all state, in a conclusory fashion, that "the reason or circumstances requiring this disclosure are that discovery produced in this litigation indicates you may have information relevant to Plaintiffs' claims, Defendants' defenses, and other material relating to this action" (NYSCEF Doc. Nos. 6, 7, 8). As petitioner notes, "[a] court may permit the omitted notice to be corrected

**153957/2024  NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**
**Motion No.  001**

Page 11 of 13

[* 11]

in absence of any apparent prejudice to the nonparty served" (*Heli v McDermott, Will & Emery*, 18 Misc 3d 673, 676 [Sup Ct, NY County 2007]). However, petitioner has not sought to correct the subpoenas to conform to the alleged supplemental information. Petitioner does not explain why, in the face of respondents' objections, it did not "'serve[] new subpoenas with the requisite notice'" (*Olson v Glencore, Ltd.*, 70 Misc 3d 1219 [A], *6 [Sup Ct, NY County 2021], quoting *Velez*, 29 AD3d at 113). Moreover, petitioner's explanations during the parties' discussions do not clearly explain the relevance of the materials and deposition petitioner seeks.

Petitioner relies on *Schlosser v Schlosser* (7 Misc 3d 1012 [A], * 4-5 [Sup Ct, NY County 2005]) for the proposition that it is sufficient to state that another proceeding is pending and respondents have useful information. This reliance is misplaced, as in *Schlosser* the complaint at issue explained that the subject of the subpoena was "a long-time business associate of [the defendant] as well as the attorney who represented him in [the proceedings that were the basis of the lawsuit]" (*id.* at *2).[3] Further, like the Delaware court, this court concludes that Dominion's decision whether to sue other parties for defamation is irrelevant to the question of whether Dominion has a viable cause of action against petitioner.

The court has considered all arguments presented in issuing this decision. It notes that respondents' argument under the Shield Law appears to lack merit based on their representation that petitioner is not interested in its newsgathering materials. However, the Court agrees that the subpoenas are overbroad and burdensome, particularly to the extent they sought "full transcripts and tapings of each of [WABC Radio's programs]" that aired from November 3, 2020 to January

---

[3] The court agrees that, if respondents were to cite to nonprejudicial facial defects, those would be deemed to be "of no consequence" (*Badler v Best Equities, LLC*, 12 Misc 3d 1161 [A], *6, 2006 NY Slip Op 50987 [U] [Sup Ct, Richmond County 2006]).

**153957/2024  NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**
**Motion No.  001**

Page 12 of 13

[* 12]

6, 2021. Petitioner has not articulated any basis for such a request, which includes materials that are plainly irrelevant. For the reasons outlined above, it is

ORDERED and ADJUDGED that the petition is denied; and it is further

ORDERED and ADJUDGED that the cross-motion to quash the subpoena is granted.

HON. ARIEL D. CHESLER
J.S.C.

3/3/2025
DATE

ARIEL D. CHESLER, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | Petition | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | X-mo GRANTED | x DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153957/2024   NEWSMAX MEDIA, INC. vs. CATSIMATIDIS, JOHN ET AL**
**Motion No.  001**

Page 13 of 13

13 of 13

[* 13]